UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC. | : | CIVIL ACTION |
| | : | |
| versus | : | |
| | : | NO. 06-918-RET-DLD |
| SYNGENTA CROP PROTECTION, | : | |
| INC., et al. | : | |

FIRST AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes MMR Constructors, Inc.

("MMR"), plaintiff, a domestic corporation domiciled in East Baton Rouge Parish, State of

Louisiana, which amends and restates its complaint in its entirety, to allege as follows:

I. PARTIES

1.

Made defendants herein are:

A.  SYNGENTA CROP PROTECTION, INC. ("Syngenta"), a foreign corporation

with its principal business establishment in Iberville Parish, Louisiana, owner of the

following described property situated in Iberville Parish at 3905 Highway 75, St.

Gabriel, Louisiana 70776 and 4305 Highway 75, St. Gabriel, Louisiana 70776, more

fully described below:

> 751.402 ACRE TR IN SEC.31, T9SR1E BEING PORT
> EVERGREEN & MARGARET PLTN & CLARA
> GILMORE TR; and

> 42.46 ACRE TR T9SR1E SECS. 33,34,99 & 100 DESIGNATED
> AS TR2-A-1 PLAN BY PATIN. 43.97 ACS (LESS PT SOLD);

B.  **ECOPRODUCT SOLUTIONS, LP**, ("EcoProduct") a Texas limited partnership authorized to do business in Louisiana, domiciled and having its principal place of business at 200 Valleywood Drive, The Woodlands, TX 77380-3571;

C.  **ECOPRODUCT SOLUTIONS, GP, LLC**, a Texas Limited Liability Company, is the General Partner of defendant, EcoProduct Solutions, LP, and whose registered address is 800 Brazos Street, Suite 400, Austin, Texas 78707;

D.  **RICK BILLINGS**, an individual above the age of majority believed to be the Vice-President and/or a Partner of defendant EcoProduct Solutions, LP and domiciled at 5711 Hillcroft, Houston, Texas 77036;

E.  **PRIEST RIVER, LTD** ("Priest River"), a Texas Limited Partnership doing business in Louisiana, and whose registered address is 6330 West Loop South, Suite 300, Bellaire, Texas 77401;

F.  **W. YANDELL ROGERS, III**, an individual above the age of majority believed to be the sole manager and/or member of defendant EcoProduct Solutions GP, LLC and believed to be the Chief Executive Officer and/or Partner of defendant Priest River, Ltd, and domiciled at 5711 Hillcroft, Houston, Texas 77036;

## II. VENUE AND JURISDICTION

2.

Venue is proper in this matter under 28 USC §1391.  This Court has personal jurisdiction over the parties as the committed acts complained of occurred in Louisiana.  This Court has subject matter jurisdiction over this case under 28 USC §1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

### III. GENERAL FACTS

3.

Defendants are indebted to petitioner in the amount of $212,042.11, plus legal interest from the date the work was performed and/or debt was due until paid, plus lien costs, court costs, and attorney's fees by reason of the following:

4.

MMR is a multi-faceted performance-based contractor with extensive experience in electrical and instrumentation services throughout Louisiana and the southeast region of the United States.

5.

EcoProduct entered into an Agreement with Syngenta whereby EcoProduct would engineer, design, construct, and own the Calcium Chloride Plant ("the Plant") on Syngenta's property, and EcoProduct agreed to pay Syngenta for its contract services to operate and maintain the Plant on behalf of EcoProduct. The arrangement between EcoProduct and Syngenta appears to be a Joint Venture.

6.

On or about July 11, 2005, EcoProduct verbally awarded MMR Syngenta Job # P05-1L357, P.O. #SYN-041 directing MMR to perform electrical and instrumentation services at the Calcium Chloride Section of the Syngenta Crop Protection Plant ("the Project") in St. Gabriel, Louisiana, the property which is more fully described above.

7.

MMR supplied its services at the Syngenta Plant pursuant to a verbal contract and/or change orders and/or open account with EcoProduct for Job #P05-1L357, P.O. #SYN-041. An unpaid balance of $212,042.61 is due to MMR.

8.

During the period of time commencing approximately June 11, 2005, and ending on or about May 31, 2006, the date on which services for work performed was last invoiced, MMR performed the work directed by EcoProduct in accordance with the contract and/or change orders and/or open account.

9.

Defendant EcoProduct has failed to make payment in the amount of $212,042.61, as more fully shown on the itemized Invoice and Payment Status Report attached and incorporated by reference as Exhibit 1, to cover the procurement, erection, and installation of Electrical and Instrumentation equipment and materials on the above described property on the following invoices:

A. Invoice 224910, which represents retainage in the amount of $51,713.22 withheld by EcoProduct from the original lump sum price of $517,132.00; and

B. Invoices 232140, 232141, 232990, 234670, 234671, 237750, 241930, 245220, and 248030, which represent the total cost of change orders and/or time and material costs incurred by MMR, leaving an unpaid balance of $160,329.39.

10.

Defendant EcoProduct is, therefore, indebted unto MMR in the full sum of TWO HUNDRED TWELVE THOUSAND, FORTY-TWO AND 61/100 DOLLARS ($212,042.61),

plus interest from the date the debts were owed, together with legal interest thereon from the date of judicial demand until paid, an additional percentage of the total amount of principal and interest due and owing as attorney's fees for collection, and for all costs of these proceedings, all as will be more fully shown on and by reference to the Affidavit of Correctness, attached hereto and made a part hereof as Exhibit 2.

11.

On June 5, 2006, written demand was made on EcoProduct for payment of this open account, correctly setting forth the amount owed at the time of the demand. A copy of this letter and the return receipt are attached as Exhibit 3.

12.

More than fifteen (15) days has expired since delivery of the written demand and EcoProduct has failed to make current or pay the balance due and owing on this open account. Therefore, petitioner desires and is entitled to be awarded an additional amount as the court should deem reasonable and proper under the circumstances as attorney's fees for the prosecution and collection of this indebtedness.

13.

Defendant EcoProduct Solutions, GP, LLC, as General Partner of EcoProduct, is liable for the acts of EcoProduct as contemplated in La. C.C. Art. 2817.

14.

It is believed by MMR that defendant Rick Billings is the Vice-President and/or a Partner of defendant EcoProduct, and as such, is liable for the acts of EcoProduct as contemplated in La. C.C. Art. 2817.

15.

Upon information and belief, EcoProduct is a wholly owned subsidiary of Priest River, is controlled by Priest River, and as such, Priest River is liable *in solido*, for the acts of its subsidiary, EcoProduct.

16.

Upon information and belief, defendant W. Yandell Rogers, III is believed to be the sole manager and/or member of defendant EcoProduct Solutions GP, LLC, which is the General Partner of EcoProduct, and believed to be the Chief Executive Officer and/or a Partner of defendant Priest River, Ltd, and as such, is liable for the acts of EcoProduct and/or Priest River as contemplated in La. C.C. Art. 2817.

17.

All work performed by MMR at the Project was performed in good faith and for the benefit of defendants.

## IV. COUNT I – ENFORCEMENT OF STATUTORY LIEN

18.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

19.

MMR furnished equipment and labor on an open account basis to the defendants for the Project upon property owned by Syngenta, located at 3905 Highway 75, St. Gabriel, Louisiana 70776, and 4305 Highway 75, St. Gabriel, Louisiana 70776, said property being the more particularly described above.

20.

The aforementioned Project was, upon MMR's information and belief, a "Private Works" Project governed particularly by La. R.S. 9:4801 *et seq.*

21.

Because defendant EcoProduct is a wholly owned subsidiary of Priest River, MMR avers that Priest River is liable, *in solido*, along with Syngenta and EcoProduct for the full amount of MMR's claims.

22.

As a result of the non-payment of its invoices and in accordance with La. R.S. 9:4801, *et seq.*, MMR filed and recorded in the Mortgage records of Iberville Parish, a *Statement of Lien and Privilege*, on June 16, 2006, with regard to the aforementioned Project and debt owed to MMR as follows:

> Against EcoProduct Solutions, LP, as General Contractor, and Syngenta Crop Protection, Inc., as Owner; said Statement of Lien and Privilege recorded in Mortgage Book 436, Entry 92, File Number 45914, with the Clerk and Recorder of Mortgages for the Parish of Iberville, State of Louisiana in the amount of $212,042.61; attached as Exhibit 4.

23.

All appropriate notices of the amount due to MMR and the filing of the *Statement of Lien and Privilege* have been given to all appropriate parties as required by La. R.S. 9:4801 *et seq.* More specifically, MMR mailed Syngenta and EcoProduct a copy of the *Statement of Lien and Privilege* by certified mail, return receipt requested. A copy of this notice and the return receipt are attached as Exhibit 5.

24.

The *Statement of Lien and Privilege* was timely recorded in conformity with The Louisiana Private Works Act, La. R.S. 9:4801 *et seq.*, thereby entitling MMR to have its *Statement of Lien and Privilege* on the property, more particularly described above, recognized as an encumbrance against the property, including, but not limited to, an encumbrance against the leasehold interest of EcoProduct (as lessee) in its lease with Syngenta (the lessor) in accordance with applicable Louisiana law.

25.

Defendants have failed to make any payments of the amounts due unto MMR since the filing of the *Statement of Lien and Privilege* and, therefore, MMR is entitled to attorney's fees, which MMR has and will incur in this proceeding.

## V. COUNT II – BREACH OF CONTRACT

26.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

27.

In addition to the enforcement of the statutory lien granted to MMR, MMR is entitled to recover measurable pecuniary damages, which were foreseeable, as a result of the breach by EcoProduct of the agreement and commitment to MMR to compensate MMR for the lump sum bid of $517,132.00, which was amended by change orders and/or time and material costs for amounts totaling $336,913.17; the total amount due to MMR for work performed was $854,045.17. Of this amount, EcoProduct only paid MMR $642,002.56, leaving an unpaid balance of $212,042.61.

28.

EcoProduct's representatives, including, but not limited to, Mike Largey, the Project Manager of this Project, committed to, promised, agreed, and otherwise became legally obligated to pay MMR for the lump sum amount, as well as the change order and/or time and material costs for work performed by MMR at the direction of EcoProduct.

29.

For its part, MMR agreed to perform the work at the direction of EcoProduct based solely on the commitment, promise, assurances and contractual obligations of EcoProduct that it would compensate MMR for the lump sum amount, as well as the change order and/or time and material costs for work performed by MMR at the direction of EcoProduct.

30.

Throughout the course of the Project, MMR continued to cooperate with EcoProduct even though a substantial amount of MMR's invoices went unpaid.

31.

Following the occurrence of the aforementioned events in general, EcoProduct breached its contract with MMR.  EcoProduct breached its obligation to pay MMR for the lump sum amount, as well as the change order and/or time and material costs for work performed by MMR at the direction of EcoProduct.

32.

As a direct, reasonably anticipated, and clearly foreseeable result of the breach by EcoProduct of its promises, commitments, and obligations to MMR to compensate MMR for the lump sum amount, as well as the change orders and/or time and material costs for work performed by MMR at the direction of EcoProduct, MMR has sustained pecuniary damages in

an undetermined amount.  As more particularly set forth hereinabove, and as a result of the breach by EcoProduct to compensate MMR for the lump sum amount, as well as the change orders and/or time and material costs for work performed by MMR at the direction of EcoProduct, MMR has not been paid the remaining balance due of $212,042.61.

33.

MMR specifically avers that the above and foregoing damages are foreseeable and well within the contemplation of the parties as MMR had expressed to EcoProduct that it would perform the work at the direction of EcoProduct based solely on the commitment, promise, assurances, and/or contractual obligations of EcoProduct and that EcoProduct would compensate MMR for the lump sum amount, as well as the change orders and/or time and material costs for work performed by MMR at the direction of EcoProduct and that EcoProduct's Representatives, including but not limited to Mike Largey, the Project Manager, specifically acknowledged awareness of MMR's concerns over compensation and agreed to compensate MMR for the lump sum amount, as well as the change orders and/or time and material costs for work performed by MMR at the direction of EcoProduct.

34.

Accordingly, and as a result of the breach by EcoProduct of its contractual commitment, obligations and/or promises to MMR to compensate MMR for the lump sum amount and change orders and/or time and material amounts for the work performed by MMR at the direction of EcoProduct, MMR is entitled to recover from the defendants damages in an undetermined amount.

## VI. COUNT III – FRAUDULENT INDUCEMENT

35.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

36.

In addition to the enforcement of the statutory lien granted to MMR and MMR's entitlement for damages due to EcoProduct's breach, MMR is entitled to recover damages that were foreseeable as a result of EcoProduct fraudulently inducing MMR to agree and perform work on the project, including the work performed according to change orders approved by EcoProduct.

37.

EcoProduct made willful and false representations to MMR personnel through EcoProduct's representatives, including, but not limited to Mike Largey, the Project Manager, concerning EcoProduct's willingness to pay MMR for the lump sum amount, as well as the change orders and/or time and material costs, for work performed by MMR at the direction of EcoProduct.

38.

At the time such representations were made by EcoProduct, EcoProduct was fully aware that such representations were false, and it did not intend to compensate MMR for the lump sum amount and the change orders and/or time and material costs, for work performed by MMR at the direction of EcoProduct. EcoProduct was aware, at the time of its fraudulent conduct, that MMR would only agree to perform this work solely on the commitment, promise, and assurances of EcoProduct that EcoProduct would compensate MMR. In particular, EcoProduct paid MMR

for some, but not all, of the change orders and/or time and material costs of the work performed by MMR at the direction of EcoProduct, even though EcoProduct approved each change order.

39.

The reckless, malicious and false misrepresentations made by EcoProduct were made in an attempt to dupe MMR into performing the work at the Project for the sole benefit of and without cost, or at a reduced cost, to the defendants.

40.

MMR has relied on, manifestly to its detriment, the fraudulent representations of EcoProduct: that EcoProduct would compensate MMR for the lump sum amount, as well as the change orders and/or time and material costs for work performed by MMR at the direction of EcoProduct.  MMR's position was significantly altered to its detriment as a result of these assurances by EcoProduct.  Particularly, MMR continued to perform work for defendants at the Project, as it had every reason to believe that EcoProduct agreed to the costs associated with the work MMR was performing.

41.

As a result of MMR having relied on, to its detriment, the fraudulent misrepresentations, broken promises, assurances, and commitments of EcoProduct to compensate MMR for the lump sum amount, as well as the change orders and/or time and material costs for work performed by MMR at the direction of EcoProduct, MMR has sustained significant damages including the following: $212,042.61 plus legal interest thereon at the maximum rate from the date work was performed by MMR until paid, all costs incurred in theses proceedings, including, but not limited to, the cost of filing and canceling of the lien, reasonable attorney's fees, and other unspecified damages according to the law.

## VII. COUNT IV - NEGLIGENT MISREPRESENTATION

42.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

43.

In addition to the enforcement of the statutory lien granted to MMR, damages due to MMR for EcoProduct's breach of contract, MMR is entitled to recover damages that were foreseeable as a result of EcoProduct's negligent misrepresentations to MMR, which induced MMR to agree and to perform work at the Project.

44.

EcoProduct made material misrepresentations to MMR personnel through EcoProduct's representatives, including, but not limited to EcoProduct's Project Manager, Mike Largey, concerning EcoProduct's payment of the invoices submitted by MMR to EcoProduct for the performance of MMR's work at the Project.

45.

EcoProduct made affirmative representations to MMR personnel through EcoProduct's representatives, including, but not limited to EcoProduct's Project Manager, Mike Largey, that EcoProduct agreed to MMR's time sheets and invoices of materials ordered for the Project, thereby approving the costs associated with the change orders for the work performed by MMR. Such affirmative representations include, but are not limited to, verbal and written authorization by EcoProduct's representatives, including, but not limited to, Mike Largey, for the authorization of payment to MMR for costs associated with each change order.

46.

The misrepresentations made by EcoProduct to MMR induced MMR into continuing to perform work at the Project to the detriment of MMR and for the benefit of defendants.

47.

MMR justifiably relied on, to its detriment, the negligent misrepresentations of EcoProduct, which was aware of, knew of, and agreed with the costs MMR was incurring in performing the work at the Project, including the costs associated with each change order. MMR's position was significantly altered to its detriment as a result of these negligent misrepresentations by EcoProduct.  Particularly, MMR continued to perform work for defendants at the Project, as it had every reason to believe that EcoProduct agreed to the costs associated with the work MMR was performing.

48.

As a result of MMR having relied on, to its detriment, the negligent misrepresentation of EcoProduct, MMR has sustained significant damages including the following: $212,042.61 plus legal interest thereon at the maximum rate from the date work was performed by MMR until paid, all costs incurred in theses proceedings, including, but not limited to, the cost of filing and canceling of the lien, reasonable attorney's fees, and other unspecified damages according to the law.

## VII. COUNT V – UNJUST ENRICHMENT

49.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

50.

In the alternative and/or in addition to the enforcement of the statutory lien granted to MMR, damages due to MMR for EcoProduct's breach of contract, and negligent misrepresentation, MMR's performance of work at the Project conveyed value to the defendants by furnishing the defendants with materials, labor, supervision, office overhead, tools, equipment, services, supplies and other incidentals necessary to perform its work on the Project, all at the expectation that EcoProduct would make full payment to MMR for all costs and services provided on the Project by MMR.

51.

EcoProduct had full knowledge that all of the services performed on the Project by MMR was in exchange for payment in full of the work performed by MMR.

52.

Defendants have accepted and benefited from the work provided by MMR, but have failed, refused, and neglected to pay unto MMR the value of the benefit that the defendants received by virtue of MMR's work.  Syngenta, the owner of immovable property wherein MMR performed this work, has been unjustly enriched by the work performed by MMR, and should be held liable, *in solido*, with EcoProduct and/or all other named defendants.

53.

Under such circumstances, the defendants have been unjustly enriched at the expense of MMR in the amount of $212,042.61, and equity requires that the defendants pay unto MMR the full amount of their indebtedness.

54.

MMR is entitled to a trial by jury for all issues herein.

55.

MMR is entitled to all other just and equitable relief that is reasonable in the premises.

**WHEREFORE,** MMR Constructors, Inc. prays that:

1.  after due proceedings, there be judgment herein in favor of MMR Constructors, Inc. and against Syngenta Crop Protection, Inc.; EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Rick Billings; Priest River, Ltd.; and W. Yandell Rogers, III, *in solido*, for the full sum stated in MMR's *Statement of Lien and Privilege* as more fully discussed in this Complaint, together with costs and court costs for preparing, filing, executing, and recording the Lien with regard to the aforementioned Project, together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings;

2.  after due proceedings, there be judgment herein in that the *Statement of Lien and Privilege* filed by MMR be recognized as such encumbrance upon the property more particularly described above, including, but not limited to, an encumbrance against the leasehold interest of EcoProduct (as lessee) in its lease with Syngenta (the lessor), in accordance with applicable Louisiana law;

3.  after due proceedings, there be judgment herein in favor of MMR Constructors, Inc. and against defendants Syngenta Crop Protection, Inc.; EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Rick Billings; Priest River, Ltd.; and W. Yandell Rogers, III, *in solido*, for the damages sustained by MMR due to the breach by EcoProduct Solutions, LP of its contract with MMR, for the full sum of $212,042.61, together with interest thereon at the maximum legal rate from date due until paid as well as for all costs incurred in these proceedings.

4.  after due proceedings, there be judgment herein in favor of MMR Constructors, Inc. and against defendants Syngenta Crop Protection, Inc.; EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Rick Billings; Priest River, Ltd.; and W. Yandell Rogers, III, *in solido*, for the reckless, malicious, and fraudulent acts of EcoProduct Solutions, LP and Priest River, Ltd., that have caused reasonably foreseeable damages to MMR including the following: $212,042.61 plus legal interest thereon at the maximum rate from the date work was performed by MMR until paid, all costs incurred in theses proceedings, including, but not limited to, the cost of filing and canceling of the lien, reasonable attorney's fees, and other unspecified damages according to the law.

5.  after due proceedings, there be judgment herein in favor of MMR Constructors, Inc. and against defendants Syngenta Crop Protection, Inc.; EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Rick Billings; Priest River, Ltd.; and W. Yandell Rogers, III, *in solido*, for the negligent, carelessness, and wrongful acts of EcoProduct Solutions, LP and Priest River, Ltd., that have caused reasonably foreseeable damages to MMR including the following: $212,042.61 plus legal interest thereon at the maximum rate from the date work was performed by MMR until paid, all costs incurred in theses proceedings, including, but not limited to, the cost of filing and canceling of the lien, reasonable attorney's fees, and other unspecified damages according to the law.

6.  after due proceedings, there be judgment herein in favor of MMR Constructors, Inc. and against defendants Syngenta Crop Protection, Inc.; EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Rick Billings; Priest River, Ltd.; and W. Yandell Rogers, III, *in solido*, in the amount of $212,042.61, the amount of that the defendants have benefited at the expense of MMR, together with interest thereon at the maximum

legal rate from the date due until paid as well as for all costs incurred in these proceedings.

7. MMR Constructors, Inc. further prays for reasonable attorney's fees as well as for all costs, including expert witness fees, incurred in these proceedings.

8. MMR Constructors, Inc. further prays for trial by jury of all issues of fact herein, and

9. MMR Constructors, Inc. further prays for all just and equitable relief that is reasonable in the premises.

**Respectfully submitted,**

**TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.**

**BY:  s/ Edward J. Laperouse II**

**Edward J. Laperouse II #29310**
**Edward D. Hughes #28617**
**451 Florida Street, 8th Floor (70801)**
**P.O. Box 2471**
**Baton Rouge, LA 70821**
**Phone:  225-387-3221**
**Fax:      225-346-8049**

**Rodi F. Rispone #23554**
**15961 Airline Highway**
**Baton Rouge, LA 70884**
**Phone:  225-756-5090**
**Fax:      225-753-7012**
**ATTORNEYS FOR PLAINTIFF,**
**MMR CONSTRUCTORS, INC.**

**PLEASE SERVE:**

**SYNGENTA CROP PROTECTION, INC.**
Through its registered agent for service of process,
CT Corporation System
8550 United Plaza
Baton Rouge, LA 70809

**ECOPRODUCT SOLUTIONS, LP**
Through its registered agent for service of process,
Capitol Corporate Services, Inc.
8550 United Plaza
Building II, Suite 305
Baton Rouge, LA 70809

**ECOPRODUCT SOLUTIONS, GP, LLC**
Through the La. Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on EcoProduct Solutions, GP, LLC as required by law.

**RICK BILLINGS**
Through the La. Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Rick Billings, as required by law.

**PRIEST RIVER, LTD**
Through the La. Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on Priest River, Ltd., as required by law.

**W. YANDELL ROGERS, III**
Through the La. Long Arm Statute:
Please return one certified copy of Petition together with
appropriate Citation in order that service of process can
be made directly on W. Yandell Rogers, III, as required by law.

06/02/06
03:27 PM

**MMR**

Job #: **1331**                                      MAY 2006

Client: **ECO PRODUCT SOLUTIONS**

Job Name: **Syngenta Calcium Chloride Project**

Owner: **Syngenta**

Contract #: **SYN - 041**

Award Memo: ✓
Proposal: ✓
Ins. Cert./Bond: ✓
Contract/P.O.:

## CONTRACT STATUS

| | | |
|---|---|---|
| CONTRACT AMOUNT: | $ | 517,132.00 |
| Change Orders (See Attached Log/List): | $ | 336,913.17 |
| EXTRA'S Billed (See Attached Log/List): | $ | |
| REVISED CONTRACT AMOUNT: | $ | 854,045.17 |

## INVOICE & PAYMENT STATUS

1331                                                    MAY 2006

| INVOICE NUMBER | INV (POST) DATE | GROSS INV. AMT. | RET. | NET AMT. DUE | PAYMENT AMT. | DATE PAID | BALANCE |
|---|---|---|---|---|---|---|---|
| 209940 | 8/31/2005 | 188,384.90 | 18,838.49 | 169,546.41 | 169,546.41 | 11/9/2005 | |
| 209950 | 9/12/2005 | 728.34 | - | 728.34 | 728.34 | 11/9/2005 | |
| 211780 | 9/30/2005 | 2,084.44 | - | 2,084.44 | 2,084.44 | 12/5/2005 | |
| 212170 | 9/30/2005 | 90,180.06 | 9,018.01 | 81,162.05 | 81,162.05 | 12/5/2005 | |
| 214290 | 9/30/2005 | 17,229.56 | - | 17,229.56 | 17,229.56 | 12/5/2005 | |
| 214291 | 10/17/2005 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/5/2005 | |
| 216990 | 10/31/2005 | 132,690.21 | 13,269.02 | 119,421.19 | 119,421.19 | 1/17/2006 | (0.00) |
| 217000 | 10/31/2005 | 141.52 | - | 141.52 | 141.52 | 1/17/2006 | - |
| 218110 | 10/31/2005 | 6,206.53 | - | 6,206.53 | 6,206.53 | 12/31/2005 | - |
| 218111 | 11/8/2005 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/31/2005 | - |
| 220870 | 11/30/2005 | 97,560.53 | 9,756.07 | 87,804.46 | 87,804.46 | 3/13/2006 | (0.00) |
| 220880 | 11/30/2005 | 9,846.70 | - | 9,846.70 | 9,846.70 | 3/13/2006 | - |
| 220881 | 12/1/2005 | 662.01 | - | 662.01 | 662.01 | 3/13/2006 | - |
| 220890 | 11/30/2005 | 37,325.60 | - | 37,325.60 | 37,325.60 | 2/21/2006 | - |
| 224350 | 11/30/2005 | 19,624.99 | - | 19,624.99 | 19,624.99 | 4/13/2006 | - |
| 224351 | 12/16/2005 | 36,076.57 | - | 36,076.57 | 36,076.57 | 4/13/2006 | - |
| 224360 | 12/16/2005 | 14,699.00 | - | 14,699.00 | 14,699.00 | 2/21/2006 | - |
| 224900 | 12/28/2006 | 8,316.30 | 831.63 | 7,484.67 | 7,484.67 | 3/21/2006 | (0.00) |
| 224910 | 12/28/2006 | - | (51,713.22) | 51,713.22 | | | 51,713.22 |
| 224920 | 12/28/2006 | 8,330.70 | - | 8,330.70 | | 3/21/2006 | - |
| 224930 | 12/28/2006 | 14,932.14 | - | 14,932.14 | 13,585.14 | 3/24/2006 | 1,347.00 |
| 224939 | 4/26/2006 | (1,347.00) | - | (1,347.00) | | | (1,347.00) |
| 227030 | 12/31/2005 | 2,197.92 | - | 2,197.92 | 2,197.92 | 3/24/2006 | - |
| 227031 | 1/12/2006 | 4,427.96 | - | 4,427.96 | 4,427.96 | 3/24/2006 | - |
| 232140 | 1/31/2006 | 15,922.46 | - | 15,922.46 | | | 15,922.46 |
| 232141 | 2/17/2006 | 20,251.77 | - | 20,251.77 | | | 20,251.77 |
| 232990 | 2/27/2006 | 3,846.95 | - | 3,846.95 | | | 3,846.95 |
| 234670 | 2/28/2006 | 5,977.17 | - | 5,977.17 | | | 5,977.17 |
| 234671 | 3/7/2006 | 11,119.10 | - | 11,119.10 | | | 11,119.10 |
| 237750 | 3/31/2006 | 21,394.45 | - | 21,394.45 | | | 21,394.45 |
| 241930 | 4/26/2006 | 20,363.84 | - | 20,363.84 | | | 20,363.84 |
| 245220 | 5/10/2006 | 5,919.65 | - | 5,919.65 | | | 5,919.65 |
| 248030 | 5/31/2006 | 55,534.00 | - | 55,534.00 | | | 55,534.00 |
| | | | - | | | | - |
| | | | - | | | | - |
| | | | - | | | | - |
| | | | - | | | | - |
| | | 854,045.17 | - | 854,045.17 | | | 212,042.61 |

**EXHIBIT**

tabbies®  /

MMR CONSTRUCTORS, INC.                    18th  JUDICIAL DISTRICT COURT

VERSUS DOCKET NO. _____          PARISH OF IBERVILLE

SYNGENTA CROP PROTECTION, INC.            STATE OF LOUISIANA
AND ECO PRODUCT SOLUTIONS, LP

---

## AFFIDAVIT OF CORRECTNESS

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

     BEFORE ME, the undersigned authority, Notary Public, in and for the State of Louisiana

and in the Parish of East Baton Rouge, personally came and appeared:

     RAY ANTHONY GIBSON

Project Manager of MMR Constructors, Inc., who, being by me first duly sworn, deposed and

stated that:

     He is duly authorized to make this affidavit for and on behalf of MMR Constructors, Inc.,

a Louisiana Corporation, with its domicile and principal place of business in the Parish of East

Baton Rouge, State of Louisiana;

     He is intimately familiar with the account of ECO Product Solutions, LP and the facts

surrounding this lawsuit.  He states that ECO Product Solutions, LP has incurred a debt of TWO

HUNDRED TWELVE THOUSAND, FORTY-TWO AND 61/100 DOLLARS ($212,042.61) of

this amount is or may be an open account  No payments have been made either before suit was

filed or after regarding the current debt.

               MMR Constructors, Inc.

               By: _____
                  Ray Anthony Gibson

     SWORN TO AND SUBSCRIBED before me on this _19th_ day of October, 2006, at

Baton Rouge, Louisiana.

            _____
            NOTARY PUBLIC

            Sharon M. Odom, Notary No. 67667

**EXHIBIT**

**2**



**MMR** Constructors, Inc.

INSTRUMENTATION & ELECTRICAL CONTRACTORS

June 5, 2006

VIA REGULAR AND CERTIFIED MAIL
RRR-7001 2510 0001 7488 7968

Mr. Rick Billings
Mr. Jay Potter
Mr. Michael Largey
EcoProduct Solutions, LP
200 Valleywood Drive
The Woodlands, TX 77380-3571

RE:     Syngenta Calcium Chloride Project - Crop Protection Plant
        3905 La. Hwy 75, St. Gabriel, La. 70776-4303
        EPS Project No.: SYN-002; EPS Job No.: 16-141299
        MMR Project No: 1331

Gentlemen:

Enclosed please find our Contract Status Sheet showing the amounts by invoice that are past due on the above referenced project. As you can see, your company owes MMR a total $212,042.61. Our aging reports show that $67,635.68 is 120 days past due; $30,075.89 is 90 days past due; $32,513.55 is 60 days past due; $20,363.84 is 30 days past due; and $61,453.65 is less than 30 days past due.

Our collection efforts since April have been regularly met with your company's lack of or vague and ambiguous responses. We have received no reason from you for your company's non-payment of this obligation, or when we can expect any payment. Therefore, the collection of these past due amounts has been turned over to me for handling.

MMR hereby makes demand for full payment of $150,592.96. If your account with MMR is not brought current within the next five (5) business days, we will be required to lien the project.

Sincerely,

Rodi F. Rispone
General Counsel

Encl.
cc:     Tony Gibson
        Accounts Receivable

EXHIBIT

**3**

tabbies®



UNITED STATES
POSTAL SERVICE®

Home | Help

Track & Confirm

## Track & Confirm

### Search Results

Label/Receipt Number: 7001 2510 0001 7488 7968
Status: **Delivered**

Your item was delivered at 1:45 pm on June 07, 2006 in SPRING, TX 77380.

( Additional Details > )  ( Return to USPS.com Home > )

---

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]

( )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

---

POSTAL INSPECTORS     site map    contact us   government services   jobs   National & Premier Accounts
Preserving the Trust          Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy .

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R RICK BILLINGS, MR JAY

OTTER, MR. MICHAEL LARGEY

O VALLEYWOOD DRIVE

THE WOODLANDS, TX  77380-3571

7001 2510 0001 7488 7968

PS Form 3811, July 1999          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X _____        ☐ Agent
                          ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)       ☐ Yes

102585-00-M-0952

Service
D MAIL RECEIPT
Only; No Insurance Coverage Provided)

FICIAL USE

$

Postmark
Here

$

Potter and Largey (each)
SOLUTIONS, LP

Street, Apt. No.;   200 VALLEY WOOD DRIVE
or PO Box No.
City, State, ZIP+4   THE WOODLANDS, TX 77380
                              3571

PS Form 3800, January 2001          See Reverse for Instructions

7001

6/16/06

## Iberville Parish Recording Pa

**J. G. "BUBBIE" DUPONT, JR**
**CLERK OF COURT**
P.O. BOX 423
Plaquemine, LA  70765
(225) 687-5160

**First MORTGAGOR**

ECO PRODUCT SOLUTIONS LP

**First MORTGAGEE**

MMR CONSTRUCTORS INC

Index Type :  Mortgage

Type of Document : Mortgage

Recording Pages :        4

File # : 45914

Book :  436      Entry : 92

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberville Parish, Louisiana

On (Recorded Date) : 06/16/2006

At (Recorded Time) : 11:51:24AM

Doc ID - 000155410004

CLERK OF COURT
J. G. "BUBBIE" DUPONT, JR
Parish of Iberville
I certify that this is a true copy of the attached document that was filed for registry and
Recorded 06/16/2006 at 11:51:24
Recorded in Book  436   Page 92
File Number      45914

*Tracy Lopez*
Deputy Clerk

EXHIBIT
**4**

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

## STATEMENT OF LIEN AND PRIVILEGE

BE IT KNOWN that on June $14th$ 2006, before me, the undersigned Notary Public in and for the aforesaid parish and state, and in the presence of the undersigned witnesses, personally came and appeared:

MMR CONSTRUCTORS, INC., a Louisiana corporation having its principal place of business at 15961 Airline Highway, Baton Rouge, Louisiana, represented herein by its duly authorized President, James B. Rutland; hereafter referred to as "Lienholder";

who, after being duly sworn, declared and said that:

ECO Product Solutions, LP, a foreign corporation authorized to do business in Louisiana, domiciled and having its principal place of business at 200 Valleywood Drive, The Woodlands, TX, 77380-3571;

is justly, truly and legally indebted unto Lienholder in the full sum of TWO HUNDRED TWELVE THOUSAND, FORTY-TWO AND 61/100 DOLLARS ($212,042.61), with legal interest from the date of filing of this lien until paid and the cost of filing this lien, as will be more fully seen by the sworn, itemized statement of account and/or pertinent invoices annexed hereto and made part hereof.

The amount referred to above represents the amount due to Lienholder for labor performed and/or materials sold, delivered and actually used in improvements to the following described property owned by Sygenta Crop Protection, Inc. in connection with the real property(s) located at 3905 Hwy. 75, St. Gabriel, Louisiana 70776 and 4305 Hwy. 75, St.Gabriel, LA 70776, more properly describes as:

751.402 ACRE TR IN SEC.31, T9SR1E BEING PORT EVERGREEN & MARGARET PLTN & CLARA GILMORE TR.; and

42.46 ACRE TR T9SR1E SECS. 33,34,99 & 100 DESIGNATED AS TR2-A-1 PLAN BY PATIN. 43.97 ACS (LESS PT SOLD)

Lienholder further declares that indebtedness referred to above is past due and unpaid, and that less than sixty days have elapsed since the date of the last delivery of materials or performance of work in connection with the improvements in question.

Lienholder further declares that no defenses of payment exist.

This affidavit is made for the purpose of preserving the lien and privilege granted by law to Lienholder on the building and ground described above and/or payments owed to debtor in the amount set out above and shown on the attached statement, plus interest and filing costs, and Lienholder hereby delivers to the Clerk of Court and Recorder of Mortgages in and for St James Parish, Louisiana, this, his claim for a lien and privilege and requests that the same be recorded in accordance with the provisions of Louisiana Revised Statutes 9:4801, et seq.

THUS DONE AND PASSED at Baton Rouge, East Baton Rouge Parish, Louisiana, the affiant having affixed his signature hereto and on the day and date first above written together with me, Notary, and the undersigned witnesses, after due reading of the whole.

WITNESSES:                           MMR CONSTRUCTORS, INC.

                                     BY:
                                          JAMES B. RUTLAND
                                          President


                    RODI F. KISPONE, NOTARY PUBLIC

Job #: 1331          MAY 2006

**MMR**                    06/01/06
                            03:35 PM

Client: ECO PRODUCT SOLUTIONS

Job Name: Syngenta Calcium Chloride Project

Owner: Syngenta

Contract #: SYN - 041

Award Memo: ✓
Proposal: ✓
Ins. Cert./Bond: ✓
Contract/P.O.: _____

## CONTRACT STATUS

| | | |
|---|---|---|
| CONTRACT AMOUNT: | $ | 517,132.00 |
| Change Orders (See Attached Log/List): | $ | 336,913.17 |
| EXTRA'S Billed (See Attached Log/List): | $ | - |
| REVISED CONTRACT AMOUNT: | $ | 854,045.17 |

## 1331          INVOICE & PAYMENT STATUS          MAY 2006

| INVOICE NUMBER | INV (POST) DATE | GROSS INV. AMT. | RET. | NET AMT. DUE | PAYMENT AMT. | DATE PAID | BALANCE |
|---|---|---|---|---|---|---|---|
| 209940 | 08/31/05 | 188,384.90 | 18,838.49 | 169,546.41 | 169,546.41 | 11/09/05 | |
| 209950 | 09/12/05 | 728.34 | - | 728.34 | 728.34 | 11/09/05 | |
| 211780 | 09/30/05 | 2,084.44 | - | 2,084.44 | 2,084.44 | 12/05/05 | |
| 212170 | 09/30/05 | 90,180.06 | 9,018.01 | 81,162.05 | 81,162.05 | 12/05/05 | |
| 214290 | 09/30/05 | 17,229.56 | - | 17,229.56 | 17,229.56 | 12/05/05 | |
| 214291 | 10/17/05 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/05/05 | |
| 216990 | 10/31/05 | 132,690.21 | 13,269.02 | 119,421.19 | 119,421.19 | 01/17/06 | (0.00) |
| 217000 | 10/31/05 | 141.52 | - | 141.52 | 141.52 | 01/17/06 | |
| 218110 | 10/31/05 | 6,206.53 | - | 6,206.53 | 6,206.53 | 12/31/05 | |
| 218111 | 11/08/05 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/31/05 | |
| 220870 | 11/30/05 | 97,560.53 | 9,756.07 | 87,804.46 | 87,804.46 | 03/13/06 | (0.00) |
| 220880 | 11/30/05 | 9,846.70 | - | 9,846.70 | 9,846.70 | 03/13/06 | |
| 220881 | 12/01/05 | 662.01 | - | 662.01 | 662.01 | 03/13/06 | |
| 220890 | 11/30/05 | 37,325.60 | - | 37,325.60 | 37,325.60 | 02/21/06 | |
| 224350 | 11/30/05 | 19,624.99 | - | 19,624.99 | 19,624.99 | 04/13/06 | |
| 224351 | 12/16/05 | 36,076.57 | - | 36,076.57 | 36,076.57 | 04/13/06 | |
| 224360 | 12/16/05 | 14,699.00 | - | 14,699.00 | 14,699.00 | 02/21/06 | |
| 224900 | 12/28/06 | 8,316.30 | 831.63 | 7,484.67 | 7,484.67 | 03/21/06 | (0.00) |
| 224910 | 12/28/06 | | (51,713.22) | 51,713.22 | | | 51,713.22 |
| 224920 | 12/28/06 | 8,330.70 | - | 8,330.70 | 8,330.70 | 03/21/06 | |
| 224930 | 12/28/06 | 14,932.14 | - | 14,932.14 | 13,585.14 | 03/24/06 | 1,347.00 |
| 224939 | 04/26/06 | (1,347.00) | - | (1,347.00) | | | (1,347.00) |
| 227030 | 12/31/05 | 2,197.92 | - | 2,197.92 | 2,197.92 | 03/24/06 | - |
| 227031 | 01/12/06 | 4,427.96 | - | 4,427.96 | 4,427.96 | 03/24/06 | - |
| 232140 | 01/31/06 | 15,922.46 | - | 15,922.46 | | | 15,922.46 |
| 232141 | 02/17/06 | 20,251.77 | - | 20,251.77 | | | 20,251.77 |
| 232990 | 02/27/06 | 3,846.95 | - | 3,846.95 | | | 3,846.95 |
| 234670 | 02/28/06 | 5,977.17 | - | 5,977.17 | | | 5,977.17 |
| 234671 | 03/07/06 | 11,119.10 | - | 11,119.10 | | | 11,119.10 |
| 237750 | 03/31/06 | 21,394.45 | - | 21,394.45 | | | 21,394.45 |
| 241930 | 04/26/06 | 20,363.84 | - | 20,363.84 | | | 20,363.84 |
| 245220 | 05/10/06 | 5,919.65 | - | 5,919.65 | | | 5,919.65 |
| 248030 | 05/31/06 | 55,534.00 | - | 55,534.00 | | | 55,534.00 |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | 854,045.17 | - | 854,045.17 | 642,002.56 | | 212,042.61 |

**Iberville Parish**
**J. G. "BUBBIE" DUPONT, JR CLERK OF COURT**
P.O. BOX 423
PLAQUEMINE, LA  70765
Phone Number : (225) 687-5160

**Official Receipt : 2006-00002118**

**Printed On :** 06/16/2006   **at** 11:51:31 AM

**By :** 194     **on** COC04

MMR CONSTRUCTORS

Date Recorded : June 16, 2006

| Instrument ID | Recorded Time | Amount |
|---|---|---|
| **Book :** 436   **Page :** 92 | 11:51:24 AM | $47.00 |
| Transaction : Mortgage | | |
| ECO PRODUCT SOLUTIONS LP | | |
| To : MMR CONSTRUCTORS INC | | |

| **Accounts** | **Amount** |
|---|---|
| Certified Copies | $0.00 |
| Clerk Fee Account | $45.00 |
| Conformed Copies | $2.00 |

**Itemized Check Listing**

| | |
|---|---|
| Check Number : 199716 | $47.00 |

| | |
|---|---|
| **Total Due :** | $47.00 |
| **Paid by Check :** | $47.00 |
| **Change Tendered :** | $0.00 |

*File-stamped lien re: ECO Products/ Syngenta*



**Constructors, Inc.**
INSTRUMENTATION & ELECTRICAL CONTRACTORS



June 16, 2006

**CERTIFIED MAIL – RETURN
RECEIPT REQUESTED
7001 2510 0001 7488 7951**

Mr. Robert W. Slaven
Syngenta Crop Protection, Inc.
3905 Hwy. 75
P.O. Box 11
St. Gabriel, Louisiana 70776

Reference:    Syngenta Calcium Chloride Project – Crop Protection Plant
              EPS Project No. SYN-002; EPS Job No. 16-141299
              MMR Project No. 1331

Dear Mr. Slaven:

Please be advised that the attached Lien has been recorded with Iberville Parish in connection with our invoices 224910, 232140, 232141, 232990, 234670, 234671, 237750, 241930, 245220, 248030 due to MMR Constructors, Inc. and owed by ECO Product Solutions, LP, which totals $212,042.11.

If you have any questions, please advise.

Sincerely,

Rodi F. Rispone
MMR General Counsel

Enclosure(s)

EXHIBIT
5

USPS - Track & Confirm

---

**UNITED STATES POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 7001 2510 0001 7488 7951
Detailed Results:
- **Delivered, June 19, 2006, 9:37 am, SAINT GABRIEL, LA 70776**
- **Notice Left, June 17, 2006, 7:15 am, SAINT GABRIEL, LA 70776**

( < Back )       ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

---

7001 2510 0001 7488 7951

POSTAL INSPECTORS
Preserving the Trust

National & Premier Accounts
Terms of Use  Privacy Policy

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert W. Slaven
Syngenta Crop Prot. Inc.
3905 Hwy. 75
P.O. Box 11
St. Gabriel, LA 70776

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)  Johnny Piper III   B. Date of Delivery 6/19/06
C. Signature  X  ☑ Agent  ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No

SAINT GABRIEL LA

3. Service Type  JUN 9 2006
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
70776
4. Restricted Delivery? (Extra Fee)  ☐ Yes

7001 2510 0001 7488 7951

PS Form 3811, July 1999       Domestic Return Receipt       102595-00-M-0952

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelDetail.do       6/21/2006

6/16/06

 **Constructors, Inc.**
INSTRUMENTATION & ELECTRICAL CONTRACTORS

June 16, 2006

**CERTIFIED MAIL - RETURN**
**RECEIPT REQUESTED**
**7001 2510 0001 7488 8095**

Mr. Rick Billings
Mr. Jay Potter
Mr. Michael Largey
ECO Products Solutions, LP.
200 Valleywood Drive
The Woodlands, TX 77380-3571

Reference:     Syngenta Calcium Chloride Project - Crop Protection Plant
               EPS Project No. SYN-002; EPS Job No. 16-141299
               MMR Project No. 1331

Gentlemen:

    Please be advised that the attached Lien has been recorded with Iberville Parish in connection with our invoices 224910, 232140, 232141, 232990, 234670, 234671, 237750, 241930, 245220, 248030 due to MMR Constructors, Inc. and owed by ECO Product Solutions, LP, which totals $212,042.11.

    If you have any questions, please advise.

                              Sincerely,

                              Rodi F. Rispone
                              MMR General Counsel

Enclosure(s)

FILE COPY

 **UNITED STATES POSTAL SERVICE**

Home | Help

Track & Confirm

# Track & Confirm

### Search Results

Label/Receipt Number: **7001 2510 0001 7488 8095**
Detailed Results:
- **Delivered, June 19, 2006, 1:03 pm, SPRING, TX 77380**
- **Arrival at Unit, June 19, 2006, 8:21 am, SPRING, TX 77380**

( < Back )          ( Return to USPS.com Home > )

**Track & Confirm**
Enter Label/Receipt Number.
_____

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

POSTAL INSPECTORS
Preserving the Trust

7001 2510 0001 7488 8095

site m...                                                              ...al & Premier Accounts
                                                                       ...of Use  Privacy Policy

Total Postage & Fees | Sent To | Restricted Delivery Fee (Endorsement Required) | Return Receipt Fee (Endorsement Required) | Certified Fee | Postage

U.S. Postal **CERTIFIED** *(Domestic Mail)*

| **SENDER: COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)*    B. Date of Delivery <br><br> C. Signature <br> X      ☐ Agent   ☐ Addressee <br> D. Is delivery address different from item 1? ☐ Yes <br>    If YES, enter delivery address below: ☐ No |

1. Article Addressed to:

*Rick Billings, Jay Potter, Michael Largey ECO Products Solutions 200 Valleywood Dr. The Woodlands, TX 77380-3571*

3. Service Type <br>
☑ Certified Mail   ☐ Express Mail <br>
☐ Registered   ☐ Return Receipt for Merchandise <br>
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

7001 2510 0001 7488 8095

PS Form 3811, July 1999     Domestic Return Receipt     102595-00-M-0952