IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MMR CONSTRUCTORS, INC. ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 06-918-RET-DLD |
| ) | |
| SYNGENTA CROP PROTECTION, INC., ) | |
| ECOPRODUCT SOLUTIONS, L.P., ) | JUDGE TYSON |
| ECOPRODUCT SOLUTIONS GP, LLC, ) | |
| RICK BILLINGS, PRIEST RIVER, LTD., ) | MAGISTRATE JUDGE DALBY |
| AND W. YANDELL ROGERS, III ) | |
| ) | JURY TRIAL |
| *Defendants*. ) | |

CONSOLIDATED WITH

| | |
|---|---|
| ECOPRODUCT SOLUTIONS, L.P. ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. 07-951-FJP-DLD |
| ) | |
| MMR CONSTRUCTORS, INC. ) | |
| ) | |
| *Defendant*. ) | |

**ECOPRODUCT SOLUTIONS GP, L.L.C.'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, EcoProduct Solutions GP, L.L.C. ("EcoProduct GP") files its Original Answer to Plaintiff's Second Amended Complaint as follows:

**A. Admissions & Denials**

1.  EcoProduct GP is without knowledge or information sufficient to form a belief about the truth of paragraph 1(a). EcoProduct GP admits the allegations in paragraph 1(b). EcoProduct

GP admits the allegations in paragraph 1(c). EcoProduct GP is without knowledge or information sufficient to form a belief about the truth of paragraph 1(d). EcoProduct GP admits that Yandell Rogers, III is the manager of the limited liability company but it is without knowledge or information sufficient to form a belief about the truth the remaining allegations of paragraph 1(e).

2. EcoProduct GP denies the allegations in paragraph 2.

3. EcoProduct GP denies the allegations in paragraph 3.

4. EcoProduct GP is without knowledge or information sufficient to form a belief about the truth of paragraph 4.

5. EcoProduct GP denies the allegations of paragraph 5.

6. EcoProduct GP admits that SYN-041 was a purchase order issued to MMR, is unable to admit the allegations concerning the property description because there is no, and denies the remaining allegations in paragraph 6.

7. EcoProduct GP denies the allegations in paragraph 7.

8. EcoProduct GP denies the allegations in paragraph 8.

9. EcoProduct GP denies the allegations in paragraph 9.

10. EcoProduct GP denies the allegations in paragraph 10.

11. EcoProduct GP admits that there is a letter attached to the pleading but denies the remaining allegations in paragraph 11.

12. EcoProduct GP denies the allegations in paragraph 12.

13. EcoProduct GP denies the allegations in paragraph 13.

14. To the extent that the allegations in paragraph 14 are elsewhere denied, EcoProduct GP denies the allegations in paragraph 14.

15. EcoProduct GP denies the allegations in paragraph 15.

16. EcoProduct GP denies the allegations of paragraph 16.

17. EcoProduct GP denies the allegations in paragraph 17.

18. EcoProduct GP denies the allegations of paragraph 18.

19. EcoProduct GP denies the allegations of paragraph 19.

20. EcoProduct GP denies the allegations in paragraph 20.

21. EcoProduct GP denies the allegations in paragraph 21.

22. EcoProduct GP denies the allegations in paragraph 22.

23. To the extent that the allegations in paragraph 23 are elsewhere denied, EcoProduct GP denies the allegations of paragraph 23.

24. EcoProduct GP admits the property description but denies the remaining allegations of paragraph 24.

25. EcoProduct GP denies the allegations of paragraph 25.

26. EcoProduct GP admits that a purported "Statement of Lien and Privilege" was filed in the Parish of Iberville, but it denies the remaining allegations of paragraph 26.

27. EcoProduct GP denies that it received notice and is without knowledge or information sufficient to form a belief about the truth of paragraph 27.

28. EcoProduct GP denies the allegations in paragraph 28.

29. EcoProduct GP denies the allegations in paragraph 29.

30. To the extent that the allegations in paragraph 30 are elsewhere denied, EcoProduct GP denies the allegations of paragraph 30.

31. EcoProduct GP denies the allegations in paragraph 31.

32. EcoProduct GP denies the allegations in paragraph 32.

33. EcoProduct GP denies the allegations in paragraph 33.

34. EcoProduct GP denies the allegations in paragraph 34.

35. EcoProduct GP denies the allegations in paragraph 35.

36. EcoProduct GP denies the allegations in paragraph 36.

37. To the extent that the allegations in paragraph 37 are elsewhere denied, EcoProduct GP denies the allegations of paragraph 37.

38. EcoProduct GP denies the allegations in paragraph 38.

39. EcoProduct GP denies the allegations in paragraph 39.

40. EcoProduct GP denies the allegations in paragraph 40.

41. EcoProduct GP denies the allegations in paragraph 41.

42. EcoProduct GP denies the allegations in paragraph 42.

43. EcoProduct GP admits that it is the general partner of EcoProduct Solutions, L.P. but denies the allegations in paragraph 43.

44. EcoProduct GP denies the allegations of paragraph 44.

45. EcoProduct GP admits that W. Yandell Rogers III is currently registered with the Texas Secretary of State as the manager of the limited liability company but denies the remaining allegations of paragraph 45.

46. EcoProduct GP admits that the persons and entities listed in paragraph 46 were listed in EcoProduct Solutions, L.P.'s statement of citizenship but denies the remaining allegations of paragraph 46.

47. EcoProduct GP denies the allegations of paragraph 47.

48.     EcoProduct GP admits that W. Yandell Rogers III is listed manager for the registered corporate entities in good standing with the Texas Secretary of State and that he is the registered agent for the corporate entities in good standing with the Texas Secretary of State as listed but denies the remaining allegations of paragraph 48.

49.     EcoProduct GP denies the allegations of paragraph 49.

50.     EcoProduct GP denies the allegations of paragraph 50.

51.     EcoProduct GP denies the allegations of paragraph 51.

52.     EcoProduct GP denies that MMR is entitled to a jury trial on its claims sounding in equity but admits the remaining allegations of paragraph 52.

53.     EcoProduct GP denies the allegations of paragraph 53.

## B.  Affirmative Defenses

54.     EcoProduct GP is not liable to MMR because there was failure of consideration. Specifically, MMR did not perform the work according to the Terms & Conditions.

55.     EcoProduct GP is not liable to MMR because of payment.  Specifically, MMR has been paid more than the reasonable value for the sub-standard services that it provided.

56.     EcoProduct GP is not liable to MMR because of estoppel.  Specifically, MMR is estopped from claiming amounts allegedly owned by EcoProduct, as it failed to perform the work contracted for pursuant to the Terms & Conditions, or pursuant to industry standards.

57.     EcoProduct GP is not liable to MMR because of MMR's prior material breach. Specifically, because MMR breached its obligations under general practice and the Terms & Conditions.

58.   EcoProduct GP is not liable to MMR because, on information and belief, MMR has failed to mitigate its damages.

59.   EcoProduct GP is not liable to MMR because of the statute of frauds.

60.   EcoProduct GP is not liable to MMR because of the statute of limitations.

61.   EcoProduct GP is not liable to MMR because of lack of privity.

62.   EcoProduct GP is not liable to MMR because of offset and credit.

63.   EcoProduct GP is not liable to MMR because MMR's damages are its own fault.

64.   EcoProduct GP is not liable to MMR because of legal justification or privilege.

65.   EcoProduct GP is not liable to MMR because of laches.

### C.  Specific Denial of Conditions Precedent

66.   MMR has not performed all conditions precedent to proceed with this suit to judgment because MMR has failed to perfect its lien pursuant to Louisiana law.  Furthermore, MMR has failed to initiate binding arbitration pursuant to a contract between it and EcoProduct Solutions, L.P.

### D.  Prayer

FOR THESE REASONS, Defendant, EcoProduct Solutions GP, L.L.C., asks the Court to dismiss Plaintiff's claims, render judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, render judgment that Plaintiff has no lien, and award Defendant, EcoProduct Solutions GP, L.L.C. its costs of court, all other relief, in law or in equity, to which it is justly entitled.

Respectfully submitted,

By: /s/ Ann E. Webb
    Ann E. Webb
    La. Bar No. 18491

ATTORNEY-IN-CHARGE FOR DEFENDANT ECOPRODUCT SOLUTIONS GP, LLC

OF COUNSEL:

BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002
(713) 225-4500
(713) 225-3719 (Fax)

**CERTIFICATE OF SERVICE**

    I hereby certify that true and correct copies of the foregoing EcoProduct Solutions GP, L.L.C.'s Original Answer to Plaintiff's Second Amended Complaint were forwarded to the following counsel of record via the clerk's ECF System on June 2, 2008.

    Rodi F. Rispone, Esq.
    MMR Group, Inc.
    P.O Box 84210
    15961 Airline Hwy.
    Baton Rouge, Louisiana 70817

    Edward J. Laperouse, II, Esq.
    Edward D. Hughes, Esq.
    Taylor, Porter, Brooks & Phillips, L.L.P.
    451 Florida Street, 8th Floor
    P.O. Box 2471
    Baton Rouge, LA 70821

    Jim Doré, Esq.
    R. Benn Vincent, Esq.
    Kean Miller Hawthorne D'Armond McCowan & Jarman LLP
    22nd Floor, One American Place
    P. O. Box 3513
    Baton Rouge, LA 70821

    /s/ Ann E. Webb
    Ann E. Webb