## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MMR CONSTRUCTORS, INC. | : | CIVIL ACTION |
| | : | |
| versus | : | |
| | : | NO. 06-918-RET-DLD |
| SYNGENTA CROP PROTECTION, INC., et al. | : | |
| | : | |

### **** CONSOLIDATED WITH ****

| | | |
|---|---|---|
| ECOPRODUCTS SOLUTIONS LP | : | CIVIL ACTION |
| | : | |
| versus | : | |
| | : | NO. 07-951-RET-DLD |
| MMR CONSTRUCTORS, INC. | : | |
| | : | |

### <u>THIRD AMENDED COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes MMR Constructors, Inc. ("MMR"), plaintiff, a domestic corporation domiciled in East Baton Rouge Parish, State of Louisiana, which files this, its Third Amended Complaint ("the Amended Complaint") and alleges as follows:

### I. PARTIES

1.

Made defendants herein are:

A.  **SYNGENTA CROP PROTECTION, INC.** ("Syngenta"), a foreign corporation with its principal business establishment in Iberville Parish, Louisiana, owner of the following described property situated in Iberville Parish at 3905 Highway 75, St.

Gabriel, Louisiana 70776 and 4305 Highway 75, St. Gabriel, Louisiana 70776, more

fully described below:

> 751.402 ACRE TR IN SEC.31, T9SR1E BEING PORT
> EVERGREEN & MARGARET PLTN & CLARA
> GILMORE TR; and

> 42.46 ACRE TR T9SR1E SECS. 33, 34, 99 & 100 DESIGNATED
> AS TR2-A-1 PLAN BY PATIN. 43.97 ACS (LESS PT SOLD);

B.   **ECOPRODUCT SOLUTIONS, LP,** ("EcoProduct") a Texas limited partnership authorized to do business in Louisiana, domiciled and having its principal place of business at 200 Valleywood Drive, The Woodlands, TX 77380-3571;

C.   **ECOPRODUCT SOLUTIONS, GP, LLC,** a Texas Limited Liability Company, believed to be the Managing Partner of defendant, EcoProduct Solutions, LP, domiciled at 5711 Hillcroft, Houston, Texas 77036;

D.   **PRIEST RIVER, LTD** ("Priest River"), a Texas Limited Partnership doing business in Louisiana, believed to be domiciled in Houston, Texas, whose address is believed to be 5711 Hillcroft, Houston, Texas 77036;

E.   **W. YANDELL ROGERS, III** ("Rogers"), an individual above the age of majority believed to be a Partner of Priest River, Ltd., and domiciled at 5711 Hillcroft, Houston, Texas 77036;

F.   **LEWISTON ATLAS, LTD.** ("Lewiston Atlas"), a Texas Limited Partnership doing business in Louisiana, believed to be domiciled in Houston, Texas, whose address is believed to be 5711 Hillcroft, Houston, Texas 77036;

493396.1

G. **LEWISTON HOLDINGS, LTD.** ("Lewiston Holdings"), a Texas Limited Partnership doing business in Louisiana, believed to be domiciled in Houston, Texas, whose address is believed to be 5711 Hillcroft, Houston, Texas 77036;

## II. VENUE AND JURISDICTION

2.

Venue is proper in this matter under 28 USC §1391. This Court has personal jurisdiction over the parties as the committed acts complained of occurred in Louisiana. This Court has subject matter jurisdiction over this case under 28 USC §1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

## III. GENERAL FACTS

3.

Defendants are indebted to petitioner in an amount not less than $212,042.61, *plus* legal interest from the date the work was performed and/or debt was due until paid, attorney fees, lien-filing costs, and court costs by reason of the following:

4.

MMR is a multi-faceted performance-based contractor with extensive experience in, and which provides, electrical and instrumentation services throughout Louisiana and the southeast region of the United States.

5.

EcoProduct entered into an agreement with Syngenta whereby EcoProduct would engineer, design, construct, and own the Calcium Chloride Plant ("the Plant") on Syngenta's property in St. Gabriel, Louisiana, and EcoProduct agreed to pay Syngenta for its contract

493396.1

services to operate and maintain the Plant on behalf of EcoProduct. MMR would show that the agreement between Syngenta and EcoProduct is a joint venture.

6.

In or around June 2005, EcoProduct hired MMR to perform certain electrical and instrumentation services in connection with the construction of the Calcium Chloride Plant ("the Project") within the Syngenta Crop Protection Plant, the physical property being more fully described above.

7.

MMR submitted a proposal to EcoProduct to perform a certain scope of work on the Project, which was accepted by EcoProduct. EcoProduct thus contracted with MMR on open account, or alternatively, through other contract, as well as entered into additional work orders with MMR for extra work on the Project. An unpaid balance of an amount not less than $212,042.61 is due to MMR for its work on the Project.

8.

During the period of time commencing approximately June 11, 2005, and ending on or about May 31, 2006, the date on which services for work performed was last invoiced, MMR performed the work directed by EcoProduct in accordance with its original proposal and the additional work orders on open account.

9.

Defendant EcoProduct has failed to make payment in the amount not less than $212,042.61, as more fully shown on the itemized Invoice and Payment Status Report attached and incorporated by reference as **Exhibit 1**, to cover the procurement, erection, and installation

4

of Electrical and Instrumentation equipment and materials on the above described property on the following invoices:

1. Invoice 224910, which represents retainage in the amount of $51,713.22 withheld by EcoProduct from the original contract price of $517,132.00; and

2. Invoices 232140, 232141, 232990, 234670, 234671, 237750, 241930, 245220, and 248030, which represent the total cost of additional work orders and/or time and material costs incurred by MMR, leaving an unpaid balance of $160,329.39.

10.

Defendant EcoProduct is, therefore, indebted unto MMR for the full sum of an amount not less than TWO HUNDRED TWELVE THOUSAND, FORTY-TWO AND 61/100 DOLLARS ($212,042.61), plus interest from the date the debts were owed, together with legal interest thereon from the date of judicial demand until paid, an additional percentage of the total amount of principal and interest due and owing as attorney's fees for collection, and for all costs of these proceedings, all as will be more fully shown on and by reference to the Affidavit of Correctness, attached hereto and made a part hereof as **Exhibit 2**.

11.

On June 5, 2006, written demand was made on EcoProduct for payment of this open account, correctly setting forth the amount owed at the time of the demand. A copy of this letter and the return receipt are attached as **Exhibit 3**.

12.

More than fifteen (15) days has expired since delivery of the written demand and EcoProduct has failed to make current or pay the balance due and owing on this open account. Therefore, petitioner desires and is entitled to be awarded an additional amount as the court

493396.1

should deem reasonable and proper under the circumstances as attorney's fees for the prosecution and collection of this indebtedness.

13.

All work performed by MMR at the Project was performed in good faith and for the benefit of defendants. EcoProduct has defaulted on its agreement with MMR, and has failed to perform its obligations to MMR in good faith.

## IV. COUNT I – BREACH OF CONTRACT

14.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

15.

EcoProduct and EcoProduct's representatives, including, but not limited to, Mike Largey, the Project Manager of this Project, committed to, promised, agreed, and otherwise became legally obligated to pay MMR for the original proposal amount, as well as the additional work order and/or time and material costs for work performed by MMR at the direction of EcoProduct.

16.

For its part, MMR agreed to perform the work at the direction of EcoProduct based solely on the commitment, promise, assurances and contractual obligations of EcoProduct that it would compensate MMR for the original proposal amount, as well as the additional work order and/or time and material costs for work performed by MMR at the direction of EcoProduct.

17.

Throughout the course of the Project, MMR continued to cooperate with EcoProduct even though a substantial amount of MMR's invoices went unpaid.

493396.1

18.

MMR will show that EcoProduct has breached its contract with MMR by failing and refusing to perform its obligations to MMR. EcoProduct breached its obligation to pay MMR for the original proposal amount, as well as the additional work order and/or time and material costs for work performed by MMR at the direction of EcoProduct. Specifically, EcoProduct has not paid the full amount due and owing to MMR for its labor, services and/or materials that were furnished to the Project. As a result of EcoProduct's breach of contract, MMR has been damaged in an amount not less than TWO HUNDRED TWELVE THOUSAND FORTY-TWO AND 61/100 DOLLARS ($212,042.61), and for said amount, together with legal interest from the date of judicial demand, MMR herein seeks judgment against EcoProduct.

19.

As a direct, reasonably anticipated, and clearly foreseeable result of the breach by EcoProduct of its promises, commitments, and obligations to MMR to compensate MMR for the original proposal amount and the additional work orders and/or time and material costs for work performed by MMR at the direction of EcoProduct, MMR has sustained damages in amount not less than TWO HUNDRED TWELVE THOUSAND FORTY-TWO AND 61/100 DOLLARS ($212,042.61).

20.

MMR specifically avers that the above and foregoing damages are foreseeable and well within the contemplation of the parties as MMR had expressed to EcoProduct that it would perform the work at the direction of EcoProduct based solely on the commitment, promise, assurances, and/or contractual obligations of EcoProduct and that EcoProduct would compensate MMR for the original proposal amount, as well as the additional work orders and/or time and

material costs for work performed by MMR at the direction of EcoProduct. EcoProduct has failed to perform its contractual obligations to MMR in good faith.

### 21.

Accordingly, and as a result of the breach by EcoProduct of its contractual commitment, obligations and/or promises to MMR to compensate MMR for the original proposal amount, and additional work orders on open account and/or time and material amounts for the work performed by MMR at the direction of EcoProduct, MMR is entitled to recover from the defendants damages in an amount not less than TWO HUNDRED TWELVE THOUSAND FORTY-TWO AND 61/100 DOLLARS ($212,042.61) and for said amount, together with legal interest from the date of judicial demand and attorney fees, MMR herein seeks judgment against EcoProduct.

### 22.

MMR has fully performed, or alternatively has substantially performed or been released from performing, its obligations under the terms of its contract(s) with EcoProduct. However, despite the timely submission of invoices requesting payment of all outstanding amounts, and subsequent repeated demands by MMR for payment, EcoProduct has failed and refused, and continues to fail and refuse, to pay amounts owed to MMR for its labor, services and/or materials. All conditions precedent have occurred in order for MMR to recover its damages from the defendant named herein.

### 23.

MMR would show that Syngenta is liable to MMR *in solid*o with EcoProduct for, or alternatively for its virile portion of, the damages sustained and pled for by MMR by reason of Syngenta's joint venture relationship with EcoProduct relating to the Project.

493396.1

## V. COUNT II – ENFORCEMENT OF STATUTORY LIEN

24.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

25.

MMR furnished equipment and labor to EcoProduct and Syngenta for the Project upon property owned by Syngenta, located at 3905 Highway 75, St. Gabriel, Louisiana 70776, and 4305 Highway 75, St. Gabriel, Louisiana 70776, said property being the more particularly described above.

26.

Upon information and belief, the Project was a "Private Works" Project governed particularly by Louisiana Revised Statutes 9:4801, *et seq.*

27.

As a result of the non-payment of its invoices, and in accordance with Louisiana Revised Statutes 9:4801, *et seq.*, on June 16, 2006, MMR filed and recorded in the Mortgage records of Iberville Parish, a *Statement of Lien and Privilege*, with regard to the aforementioned Project and debt owed to MMR as follows:

> Against EcoProduct Solutions, LP, as General Contractor, and Syngenta Crop Protection, Inc., as Owner; said Statement of Lien and Privilege recorded in Mortgage Book 436, Entry 92, File Number 45914, with the Clerk and Recorder of Mortgages for the Parish of Iberville, State of Louisiana in the amount of $212,042.61; attached as **Exhibit 4**.

28.

All appropriate notices of the amount due to MMR and the filing of the *Statement of Lien and Privilege* have been given to all appropriate parties as required by Louisiana Revised

493396.1

Statutes 9:4801, *et seq.* More specifically, MMR mailed Syngenta and EcoProduct a copy of the *Statement of Lien and Privilege* by certified mail, return receipt requested. A copy of this notice and the return receipt certificates are attached as **Exhibit 5.**

29.

The *Statement of Lien and Privilege* was properly and timely recorded in conformity with Louisiana's Private Works Act, Louisiana Revised Statutes 9:4801, *et seq.*, thereby entitling MMR to have its *Statement of Lien and Privilege* on the property recognized as an encumbrance against the property.

30.

EcoProduct and Syngenta, as joint venturers, have failed to make any payments of the amounts due unto MMR since the filing of the *Statement of Lien and Privilege* and, therefore, MMR is entitled to attorney's fees, which MMR has and will incur in this proceeding.

## VI. COUNT III - NEGLIGENT MISREPRESENTATION

31.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

32.

In addition to the enforcement of the statutory lien granted to MMR, damages due to MMR for EcoProduct's breach of contract, MMR is entitled to recover damages that were foreseeable as a result of EcoProduct's negligent misrepresentations to MMR, which induced MMR to agree and to perform work at the Project.

493396.1

33.

EcoProduct made material misrepresentations to MMR personnel through EcoProduct's representatives, including, but not limited to EcoProduct's Project Manager, Mike Largey, concerning EcoProduct's payment of the invoices submitted by MMR to EcoProduct for the performance of MMR's work at the Project.

34.

EcoProduct made affirmative representations to MMR personnel through EcoProduct's representatives, including, but not limited to EcoProduct's Project Manager, Mike Largey, that EcoProduct agreed to MMR's time sheets and invoices of materials ordered for the Project, thereby approving the costs associated with the additional work orders for the work performed by MMR.  Such affirmative representations include, but are not limited to, verbal and written authorization by EcoProduct's representatives, including, but not limited to, Mike Largey, for the authorization of payment to MMR for costs associated with each additional work order.

35.

The misrepresentations made by EcoProduct to MMR induced MMR into continuing to perform work at the Project to the detriment of MMR and for the benefit of EcoProduct and the other defendants.

36.

MMR justifiably relied on, to its detriment, the negligent misrepresentations of EcoProduct, which was aware of, knew of, and agreed with the costs MMR was incurring in performing the work at the Project, including the costs associated with each work order.  MMR's position was significantly altered to its detriment as a result of these negligent misrepresentations by EcoProduct.  Particularly, MMR continued to perform work for defendants at the Project, as it

11

had every reason to believe that EcoProduct agreed to the costs associated with the work MMR was performing.

37.

As a result of MMR having relied on, to its detriment, the negligent misrepresentation of EcoProduct, MMR has sustained significant damages including the following: $212,042.61 plus legal interest thereon at the maximum rate from the date work was performed by MMR until paid, all costs incurred in theses proceedings, including, but not limited to, the cost of filing and canceling of the lien, attorney's fees, and other unspecified damages according to the law.

## VII. COUNT IV – UNJUST ENRICHMENT

38.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

39.

In the alternative and/or in addition to the enforcement of the statutory lien granted to MMR, damages due to MMR for EcoProduct's breach of contract, and negligent misrepresentation, MMR's performance of work at the Project conveyed value to the defendants by furnishing the defendants with materials, labor, supervision, office overhead, tools, equipment, services, supplies and other incidentals necessary to perform its work on the Project, all at the expectation that EcoProduct would make full payment to MMR for all costs and services provided on the Project by MMR.

40.

EcoProduct and Syngenta had full knowledge that all of the services performed on the Project by MMR were in exchange for payment in full of the work performed by MMR.

12

493396.1

41.

EcoProduct and Syngenta have accepted and benefited from the work provided by MMR, but have failed, refused, and neglected to pay unto MMR the value of the benefit that the defendants received by virtue of MMR's work.  Syngenta, the owner of immovable property wherein MMR performed this work, has been unjustly enriched by the work performed by MMR, and should be held liable, *in solido*, or, alternatively for its virile portion, with EcoProduct and/or all other named defendants.

42.

Under such circumstances, the defendants have been unjustly enriched at the expense of MMR amount not less than TWO HUNDRED TWELVE THOUSAND FORTY-TWO AND 61/100 DOLLARS ($212,042.61) and for said amount, together with legal interest from the date of judicial demand, MMR herein seeks judgment against EcoProduct, and equity requires that the defendants pay unto MMR the full amount of their indebtedness.

## VIII.  SINGLE BUSINESS ENTERPRISE THEORY
## and/or ALTER EGO DOCTRINE

43.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

44.

MMR will show that defendants (1) EcoProduct Solutions, LP; (2) EcoProduct Solution GP, LLC; (3) Priest River, Ltd.; (4) Lewiston Atlas, Ltd.; (5) Lewiston Holdings, Ltd. and/or (6) W. Yandell Rogers, III are operating as a single business enterprise.  MMR would also show that such companies, in essence, are an extension, or the alter ego, of the individual, Rogers.

Therefore, the identities of these separate persons should be disregarded as corporate fiction, and all of these defendants should be held liable *in solido* for the actions of EcoProduct Solutions, LP. MMR would show that the corporate veil should be pierced by the court, and W. Yandell Rogers, III should be held personally liable under the alter ego doctrine and single business enterprise doctrine.

45.

EcoProduct Solutions, GP, LLC is the General Partner of EcoProduct Solutions, L.P. and is liable for the acts of EcoProduct Solutions, L.P. as contemplated in Louisiana Civil Code Article 2817 and/or for the reasons to be shown at trial as contemplated under the single business enterprise theory and/or the alter ego doctrine.

46.

MMR will show that EcoProduct Solutions, L.P., EcoProduct Solutions GP, LLC, Priest River, Ltd., Lewiston Atlas, Ltd., and/or Lewiston Holdings, Ltd., and/or a combination of the foregoing entities, are essentially one in the same for purposes of the financial affairs of Rogers. Such entities, among many others, are essentially undercapitalized, shell entities used and intended by Rogers to create and generate financial wealth and personal benefits to Rogers, yet also used to insulate Rogers and his other companies' from their debts, liabilities, and risks. These entities act as one arm to evade the debts and liabilities of the others in the enterprise, and Rogers, that are owed to creditors. As such, these companies and Rogers should be held liable *in solido* for the acts of the acts of the others under the single business enterprise and alter ego doctrines.

14

47.

Upon information and belief, defendant W. Yandell Rogers, III is believed to be, or to have been, (1) the President or "acting President" of EcoProduct Solutions, L.P.; (2) the sole manager and/or member of defendant EcoProduct Solutions GP, LLC, which is the General Partner of EcoProduct Solutions, L.P.; (3) the Chief Executive Officer and/or a Partner of defendant Priest River, Ltd.; (4) the President of the General Partner, and sole member of a Limited Partner, of Priest River, Ltd.; (5) a partner of Lewiston Atlas, Ltd., which at one time was the sole member of EcoProduct Solutions GP, LLC and a limited partner of Lewiston Holdings, Ltd.; (6) the registered agent for EcoProduct Solutions, L.P., EcoProduct Solutions GP, LLC, Priest River, Ltd., Lewiston Atlas, Ltd. and Lewiston Holdings, Ltd.  MMR would show that facts and circumstances surrounding Rogers' ties to these entities, among several others, establish that such entities, along with Rogers, are or were part of a single business enterprise and/or served as the alter ego for Rogers.

48.

Additionally, Lewiston Atlas, Ltd., of whom Rogers is a limited partner and who issued money to capitalize EcoProduct Solutions, L.P., is or was the sole member of EcoProduct Solutions GP, LLC, the general partner of EcoProduct Solutions, L.P.  Upon information and belief, Rogers has personally made and received large cash payments to and from Lewiston Atlas, Ltd.  Furthermore, upon information and belief, Lewiston Holdings, Ltd. has also received large sums of money from Lewiston Atlas, Ltd. for the capitalization of EcoProduct Solutions, L.P. in relation to the Calcium Chloride project also made subject of this suit.  Lewiston Atlas, Ltd. is or was also a limited partner of Lewiston Holdings, Ltd., who is or was a limited partner

of EcoProduct Solutions, L.P. Lewiston Holdings, Ltd. is believed to have supplied 80 percent to 90 percent of the funding to EcoProduct Solutions, L.P. for the Calcium Chloride Plant.

49.

Furthermore, according to EcoProduct Solutions, L.P.'s statement of citizenship filed in the present case no. 07-951, (originally filed in the United States District Court for the Southern District of Texas, Houston Division, case no. 06-03671), EcoProduct Solutions, L.P. lists fifteen (15) business entities and ten (10) individuals that intricately comprise EcoProduct Solutions, LP. EcoProduct Solutions, L.P.'s statement of citizenship is attached as **Exhibit 6.**

The business entities listed include the following:

| | |
|---|---|
| **I.** | EcoProduct Solutions GP, LLC; |
| **II.** | Lewiston Atlas, LTD; |
| **III.** | Lewiston, LLC; |
| **IV.** | Lewiston Holdings, LTD; |
| **V.** | Lewiston Holdings GP, LLC; |
| **VI.** | PPI Chemical, LP; |
| **VII.** | PetroPro Offshore, Inc.; |
| **VIII.** | PetroPro Energy Partners, LP; |
| **IX.** | PetroPro Exploration, Inc.; |
| **X.** | HALJAN Management, LP; |
| **XI.** | KDJSB, Inc.; |
| **XII.** | Brann Holdings,LP; |
| **XIII.** | Brams, Inc.; |
| **XIV.** | Lagomar Ventures, LP; |
| **XV.** | Robert Brann Children's Trust. |

The individuals listed include the following:

1) Yandell Rogers, Jr.
2) Yandell Rogers, III
3) Laura Brann
4) Leslie Stanke
5) Kurt Byth
6) Jan Byth
7) B. Randy Sullivan

16

493396.1

8)  Ronald Thomas
9)  Victoria Thomas
10) Rick Billings

50.

MMR asserts that the separate corporate identities of the affiliated defendants should be disregarded and treated as one entity under the single business enterprise theory and/or alter ego doctrine due to the artificial and excessive fragmentation of EcoProduct Solutions, LP.

51.

There are additional factors that support the application of the single business enterprise theory and/or alter ego doctrine to the subject defendants in this matter.  By way of example, *and by no means limitation,* these entities have or had common directors and/or officers.  Namely, W. Yandell Rogers, III is currently listed and/or was listed by the Texas Secretary of State as: (1) the manager of Lewiston, LLC; (2) the manager of EcoProduct Solutions GP, LLC; (3) the manager of Priest River GP, LLC; (4) the manager of Priest River Capital Management, LLC.

Further, W. Yandell Rogers, III is currently listed or was listed by the Texas Secretary of State as the registered agent for the following: (1) Lewiston Atlas, Ltd.; (2) Priest River, Ltd.; (3) Lewiston, LLC; (4) Lewiston Holdings, Ltd.; (5) Lewiston Holdings GP, LLC; (6) Priest River Capital Management, LLC; (7) Priest River GP, LLC.

52.

By way of further example, *and by no means limitation,* MMR would show that several of these entities share or shared a common address and business location; transferred money to and from one another and Rogers; share common employees and agents; and conducted and transacted business on behalf of one another interchangeably and without regard for company formalities.

53.

By way of further example, *and by no means limitation*, MMR would show that some or all these entities have, or have had, some or all of the following, among other things: unified administrative control; funding or financing by the others in the single business enterprise; centralized accounting services; undercapitalization; excessive fragmentation; and control by Rogers.

54.

MMR would show that these "shell company" defendants—EcoProduct Solutions, L.P.; EcoProduct Solutions GP, LLC; Priest River, Ltd., Lewiston Atlas, Ltd. and/or Lewiston Holdings, Ltd.—operated with a single nucleus and/or acted as one business for the sole or primary benefit of Rogers. Additionally, MMR would show that Rogers commingles and regularly transfers funds to and from some or all of these entities, and fails to follow appropriate formalities in conducting and transacting business on behalf of said entities.

55.

Defendants (1) EcoProduct Solutions, LP; (2) EcoProduct Solution GP, LLC; (3) Priest River; (4) Lewiston Atlas; (5) Lewiston Holdings and/or (6) W. Yandell Rogers, III, at times pertinent hereto, operated as a single business enterprise. Furthermore, upon information and belief, Yandell Rogers has treated, and continues to treat, these several corporate entities as his own person, or alter ego. Therefore, the identities of these separate persons and entities should be disregarded as a corporate fiction, and all of these defendants should be held liable for the actions of EcoProduct Solutions, LP under the single business enterprise theory and/or under the alter ego doctrine.

493396.1

## IX.  JOINT VENTURE

### 56.

MMR re-alleges, and incorporates by reference, all of the allegations contained in the preceding paragraphs of this Amended Complaint.

### 57.

MMR intends to show that the relationship between EcoProduct and Syngenta with respect to the Project was a joint venture and, as a result, EcoProduct and Syngenta are liable *in solido* for, or alternatively, for their virile portions of, all damages pled herein.

### 58.

MMR is entitled to a trial by jury for all issues herein.

### 59.

MMR is entitled to all other just and equitable relief that is reasonable in the premises.

**WHEREFORE,** MMR Constructors, Inc. prays that:

1.  After due proceedings, there be judgment herein in favor of MMR Constructors, Inc. and against Syngenta Crop Protection, Inc.; EcoProduct Solutions, LP; EcoProduct Solutions, GP, LLC; Priest River, Ltd.; Lewiston Atlas, Ltd.; Lewiston Holdings, Ltd.; and W. Yandell Rogers, III, for its damages as pled herein, including the principal amount due on its claims, its reasonable and necessary attorney fees, interest at the highest rate allowed by law, court costs, and for foreclosure of its mechanic's lien against the subject property and defendants;

2.  for trial by jury of all issues of fact herein, and

3.  for all such other and further relief to which MMR may show itself justly entitled.

Respectfully submitted,

**TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.**


BY: _____ s/ Edward J. Laperouse II_____

    **Eugene R. Groves #6358**
    **Edward J. Laperouse II #29310**
    **Kari A. Bergeron #31043**
    **451 Florida Street, 8th Floor (70801)**
    **P.O. Box 2471**
    **Baton Rouge, LA 70821**
    **Phone:  225-387-3221**
    **Fax:      225-346-8049**

    **Rodi F. Rispone #23554**
    **15961 Airline Highway**
    **Baton Rouge, LA 70884**
    **Phone:  225-756-5090**
    **Fax:      225-753-7012**

    **ATTORNEYS FOR MMR CONSTRUCTORS, INC.**


**PLEASE SERVE:**

**SYNGENTA CROP PROTECTION, INC.**
*Through its attorney of record,*
James P. Doré
Robert Benn Vincent, Jr.
Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P.
P. O. Box 3513
Baton Rouge, LA 70821-3513

**ECOPRODUCT SOLUTIONS, LP**
Through its attorney of record,
William A. Gage Jr.
Ann Webb
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana
Suite 5100
Houston, TX 77002

493396.1

**ECOPRODUCT SOLUTIONS, GP, LLC**
Through its attorney of record,
William A. Gage Jr.
Ann Webb
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana
Suite 5100
Houston, TX 77002

**PRIEST RIVER, LTD**
Through its attorney of record,
William A. Gage Jr.
Ann Webb
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana
Suite 5100
Houston, TX 77002

**W. YANDELL ROGERS, III**
Through his attorney of record,
William A. Gage Jr.
Ann Webb
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana
Suite 5100
Houston, TX 77002

**LEWISTON ATLAS, LTD.**
Through its registered agent for service of process:
CT Corporation Systems
5615 Corporate Boulevard, Suite 400B
Baton Rouge, LA 70808

**LEWISTON HOLDINGS, LTD.**
Through the La. Long Arm Statute:
Please return one certified copy of Complaint together with
appropriate Citation in order that service of process can
be made directly on Lewiston Holdings, Ltd., as required by law.

493396.1

Job #: 1331                                           MAY 2006         **MMR**        06/02/06
                                                                                      03:27 PM

| | |
|---|---|
| Client: | ECO PRODUCT SOLUTIONS |
| Job Name: | Syngenta Calcium Chloride Project |
| Owner: | Syngenta |
| Contract #: | SYN - 041 |

| | |
|---|---|
| Award Memo: | ✓ |
| Proposal: | ✓ |
| Ins. Cert./Bond: | ✓ |
| Contract/P.O.: | |

## CONTRACT STATUS

| | | |
|---|---|---|
| CONTRACT AMOUNT: | $ | 517,132.00 |
| Change Orders (See Attached Log/List): | $ | 336,913.17 |
| EXTRA'S Billed (See Attached Log/List): | $ | |
| REVISED CONTRACT AMOUNT: | $ | 854,045.17 |

## INVOICE & PAYMENT STATUS

1331                                                         MAY 2006

| INVOICE NUMBER | INV (POST) DATE | GROSS INV. AMT. | RET. | NET AMT. DUE | PAYMENT AMT. | DATE PAID | BALANCE |
|---|---|---|---|---|---|---|---|
| 209940 | 8/31/2005 | 188,384.90 | 18,838.49 | 169,546.41 | 169,546.41 | 11/9/2005 | - |
| 209950 | 9/12/2005 | 728.34 | - | 728.34 | 728.34 | 11/9/2005 | - |
| 211780 | 9/30/2005 | 2,084.44 | - | 2,084.44 | 2,084.44 | 12/5/2005 | - |
| 212170 | 9/30/2005 | 90,180.06 | 9,018.01 | 81,162.05 | 81,162.05 | 12/5/2005 | - |
| 214290 | 9/30/2005 | 17,229.56 | - | 17,229.56 | 17,229.56 | 12/5/2005 | - |
| 214291 | 10/17/2005 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/5/2005 | - |
| 216990 | 10/31/2005 | 132,690.21 | 13,269.02 | 119,421.19 | 119,421.19 | 1/17/2006 | (0.00) |
| 217000 | 10/31/2005 | 141.52 | - | 141.52 | 141.52 | 1/17/2006 | - |
| 218110 | 10/31/2005 | 6,206.53 | - | 6,206.53 | 6,206.53 | 12/31/2005 | - |
| 218111 | 11/8/2005 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/31/2005 | - |
| 220870 | 11/30/2005 | 97,560.53 | 9,756.07 | 87,804.46 | 87,804.46 | 3/13/2006 | (0.00) |
| 220880 | 11/30/2005 | 9,846.70 | - | 9,846.70 | 9,846.70 | 3/13/2006 | - |
| 220881 | 12/1/2005 | 662.01 | - | 662.01 | 662.01 | 3/13/2006 | - |
| 220890 | 11/30/2005 | 37,325.60 | - | 37,325.60 | 37,325.60 | 2/21/2006 | - |
| 224350 | 11/30/2005 | 19,624.99 | - | 19,624.99 | 19,624.99 | 4/13/2006 | - |
| 224351 | 12/16/2005 | 36,076.57 | - | 36,076.57 | 36,076.57 | 4/13/2006 | - |
| 224360 | 12/16/2005 | 14,699.00 | - | 14,699.00 | 14,699.00 | 2/21/2006 | - |
| 224900 | 12/28/2006 | 8,316.30 | 831.63 | 7,484.67 | 7,484.67 | 3/21/2006 | - |
| 224910 | 12/28/2006 | - | (51,713.22) | 51,713.22 | | | 51,713.22 |
| 224920 | 12/28/2006 | 8,330.70 | - | 8,330.70 | 8,330.70 | 3/13/2006 | - |
| 224930 | 12/28/2006 | 14,932.14 | - | 14,932.14 | 13,585.14 | 3/24/2006 | 1,347.00 |
| 224939 | 4/26/2006 | (1,347.00) | - | (1,347.00) | | | (1,347.00) |
| 227030 | 12/31/2005 | 2,197.92 | - | 2,197.92 | 2,197.92 | 3/24/2006 | - |
| 227031 | 1/12/2006 | 4,427.96 | - | 4,427.96 | 4,427.96 | 3/24/2006 | - |
| 232140 | 1/31/2006 | 15,922.46 | - | 15,922.46 | | | 15,922.46 |
| 232141 | 2/17/2006 | 20,251.77 | - | 20,251.77 | | | 20,251.77 |
| 232990 | 2/27/2006 | 3,846.95 | - | 3,846.95 | | | 3,846.95 |
| 234670 | 2/28/2006 | 5,977.17 | - | 5,977.17 | | | 5,977.17 |
| 234671 | 3/7/2006 | 11,119.10 | - | 11,119.10 | | | 11,119.10 |
| 237750 | 3/31/2006 | 21,394.45 | - | 21,394.45 | | | 21,394.45 |
| 241930 | 4/26/2006 | 20,363.84 | - | 20,363.84 | | | 20,363.84 |
| 245220 | 5/10/2006 | 5,919.65 | - | 5,919.65 | | | 5,919.65 |
| 248030 | 5/31/2006 | 55,534.00 | - | 55,534.00 | | | 55,534.00 |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | 854,045.17 | - | 854,045.17 | | | 212,042.61 |

EXHIBIT

_____1_____

tabbies

| MMR CONSTRUCTORS, INC. | 18th JUDICIAL DISTRICT COURT |
|---|---|
| VERSUS DOCKET NO. _____ | PARISH OF IBERVILLE |
| SYNGENTA CROP PROTECTION, INC. AND ECO PRODUCT SOLUTIONS, LP | STATE OF LOUISIANA |

## AFFIDAVIT OF CORRECTNESS

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

BEFORE ME, the undersigned authority, Notary Public, in and for the State of Louisiana and in the Parish of East Baton Rouge, personally came and appeared:

RAY ANTHONY GIBSON

Project Manager of MMR Constructors, Inc., who, being by me first duly sworn, deposed and stated that:

He is duly authorized to make this affidavit for and on behalf of MMR Constructors, Inc., a Louisiana Corporation, with its domicile and principal place of business in the Parish of East Baton Rouge, State of Louisiana;

He is intimately familiar with the account of ECO Product Solutions, LP and the facts surrounding this lawsuit. He states that ECO Product Solutions, LP has incurred a debt of TWO HUNDRED TWELVE THOUSAND, FORTY-TWO AND 61/100 DOLLARS ($212,042.61) of this amount is or may be an open account. No payments have been made either before suit was filed or after regarding the current debt.

MMR Constructors, Inc.

By: _____
Ray Anthony Gibson

SWORN TO AND SUBSCRIBED before me on this 19th day of October, 2006, at Baton Rouge, Louisiana.

_____
NOTARY PUBLIC

Sharon M. Odom, Notary No. 67667

EXHIBIT
2



**MMR** Constructors, Inc.
INSTRUMENTATION & ELECTRICAL CONTRACTORS

June 5, 2006

VIA REGULAR AND CERTIFIED MAIL
RRR-7001 2510 0001 7488 7968

Mr. Rick Billings
Mr. Jay Potter
Mr. Michael Largey
EcoProduct Solutions, LP
200 Valleywood Drive
The Woodlands, TX 77380-3571

      RE:    Syngenta Calcium Chloride Project - Crop Protection Plant
              3905 La. Hwy 75, St. Gabriel, La. 70776-4303
              EPS Project No.: SYN-002; EPS Job No.: 16-141299
              MMR Project No: 1331

Gentlemen:

    Enclosed please find our Contract Status Sheet showing the amounts by invoice that are past due on the above referenced project. As you can see, your company owes MMR a total $212,042.61. Our aging reports show that $67,635.68 is 120 days past due; $30,075.89 is 90 days past due; $32,513.55 is 60 days past due; $20,363.84 is 30 days past due; and $61,453.65 is less than 30 days past due.

    Our collection efforts since April have been regularly met with your company's lack of or vague and ambiguous responses. We have received no reason from you for your company's non-payment of this obligation, or when we can expect any payment. Therefore, the collection of these past due amounts has been turned over to me for handling.

    MMR hereby makes demand for full payment of $150,592.96. If your account with MMR is not brought current within the next five (5) business days, we will be required to lien the project.

                              Sincerely,

                              Rodi F. Rispone
                              General Counsel

Encl.
cc:    Tony Gibson
        Accounts Receivable

**EXHIBIT**

tabbies

**3**

USPS - Track & Confirm                                          Page 1 of 1



**UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

## Track & Confirm

### Search Results

Label/Receipt Number: 7001 2510 0001 7488 7968
Status: Delivered

Your item was delivered at 1:45 pm on June 07, 2006 in SPRING, TX 77380.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]

( G

### Notification Options

Track & Confirm by email

Get current event information or updates for your item sent to you or others by email. ( Go > )

 POSTAL INSPECTORS     site map   contact us   government services   jobs   National & Premier Accounts
Preserving the Trust               Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use  Privacy Policy

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

R RICK BILLINGS, MR JAY
OTTER, MR. MICHAEL LARGEY
0 VALLEYWOOD DRIVE
HE WOODLANDS, TX  77380-3571

7001 2510 0001 7488 7968

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
X                                          ☐ Agent
                                           ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

Service
D MAIL RECEIPT
Only; No Insurance Coverage Provided)

FICIAL USE

$

Postmark
Here

$

Potter and Largey (each)
SOLUTIONS, LP
200 VALLEY WOOD DRIVE
THE WOODLANDS, TX 77380-3571

PS Form 3800, January 2001    See Reverse for Instructions

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do          6/13/2006

6/16/06

# I[ ]ville Parish Recording Pa[ ]

J. G. "BUBBIE" DUPONT, JR
CLERK OF COURT
P.O. BOX 423
Plaquemine, LA 70765
(225) 687-5160

**First MORTGAGOR**

ECO PRODUCT SOLUTIONS LP

**First MORTGAGEE**

MMR CONSTRUCTORS INC

Index Type :    Mortgage

Type of Document : Mortgage

Recording Pages :           4

File # : 45914

Book :   436      Entry : 92

## Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Iberville Parish, Louisiana

On (Recorded Date) : 06/16/2006

At (Recorded Time) : 11:51:24AM

CLERK OF COURT
J. G. "BUBBIE" DUPONT, JR
Parish of Iberville
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 06/16/2006 at 11:51:24
Recorded in Book   436   Page 92
File Number   45914

Deputy Clerk

Doc ID - 000155410004

**EXHIBIT**

4

Do not Detach this Recording Page from Original Document

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

<u>STATEMENT OF LIEN AND PRIVILEGE</u>

BE IT KNOWN that on June _14th_ 2006, before me, the undersigned Notary Public in and for the aforesaid parish and state, and in the presence of the undersigned witnesses, personally came and appeared:

MMR CONSTRUCTORS, INC., a Louisiana corporation having its principal place of business at 15961 Airline Highway, Baton Rouge, Louisiana, represented herein by its duly authorized President, James B. Rutland; hereafter referred to as "Lienholder";

who, after being duly sworn, declared and said that:

ECO Product Solutions, LP, a foreign corporation authorized to do business in Louisiana, domiciled and having its principal place of business at 200 Valleywood Drive, The Woodlands, TX, 77380-3571;

is justly, truly and legally indebted unto Lienholder in the full sum of TWO HUNDRED TWELVE THOUSAND, FORTY-TWO AND 61/100 DOLLARS ($212,042.61), with legal interest from the date of filing of this lien until paid and the cost of filing this lien, as will be more fully seen by the sworn, itemized statement of account and/or pertinent invoices annexed hereto and made part hereof.

The amount referred to above represents the amount due to Lienholder for labor performed and/or materials sold, delivered and actually used in improvements to the following described property owned by Sygenta Crop Protection, Inc. in connection with the real property(s) located at 3905 Hwy. 75, St. Gabriel, Louisiana 70776 and 4305 Hwy. 75, St.Gabriel, LA 70776, more properly describes as:

751.402 ACRE TR IN SEC.31, T9SR1E BEING PORT EVERGREEN & MARGARET PLTN & CLARA GILMORE TR.; and

42.46 ACRE TR T9SR1E SECS. 33,34,99 & 100 DESIGNATED AS TR2-A-1 PLAN BY PATIN. 43.97 ACS (LESS PT SOLD)

Lienholder further declares that indebtedness referred to above is past due and unpaid, and that less than sixty days have elapsed since the date of the last delivery of materials or performance of work in connection with the improvements in question.

Lienholder further declares that no defenses of payment exist.

This affidavit is made for the purpose of preserving the lien and privilege granted by law to Lienholder on the building and ground described above and/or payments owed to debtor in the amount set out above and shown on the attached statement, plus interest and filing costs, and Lienholder hereby delivers to the Clerk of Court and Recorder of Mortgages in and for St James Parish, Louisiana, this, his claim for a lien and privilege and requests that the same be recorded in accordance with the provisions of Louisiana Revised Statutes 9:4801, et seq.

THUS DONE AND PASSED at Baton Rouge, East Baton Rouge Parish, Louisiana, the affiant having affixed his signature hereto and on the day and date first above written together with me, Notary, and the undersigned witnesses, after due reading of the whole.

WITNESSES:                           MMR CONSTRUCTORS, INC.

_____             BY: _____
_____                 JAMES B. RUTLAND
                                         President


_____
RODI F. RISPONE, NOTARY PUBLIC

**MMR**

06/01/06
03:35 PM

Job #: 1331                               MAY 2006

Client: ECO PRODUCT SOLUTIONS

Job Name: Syngenta Calcium Chloride Project

Owner: Syngenta

Contract #: SYN - 041

Award Memo: ✓
Proposal: ✓
Ins. Cert./Bond: ✓
Contract/P.O.: 

## CONTRACT STATUS

| | |
|---|---|
| CONTRACT AMOUNT: | $ 517,132.00 |
| Change Orders (See Attached Log/List): | $ 336,913.17 |
| EXTRA'S Billed (See Attached Log/List): | $ - |
| REVISED CONTRACT AMOUNT: | $ 854,045.17 |

## INVOICE & PAYMENT STATUS

1331                                    MAY 2006

| INVOICE NUMBER | INV (POST) DATE | GROSS INV. AMT. | RET. | NET AMT. DUE | PAYMENT AMT. | DATE PAID | BALANCE |
|---|---|---|---|---|---|---|---|
| 209940 | 08/31/05 | 188,384.90 | 18,838.49 | 169,546.41 | 169,546.41 | 11/09/05 | |
| 209950 | 09/12/05 | 728.34 | - | 728.34 | 728.34 | 11/09/05 | |
| 211780 | 09/30/05 | 2,084.44 | - | 2,084.44 | 2,084.44 | 12/05/05 | |
| 212170 | 09/30/05 | 90,180.06 | 9,018.01 | 81,162.05 | 81,162.05 | 12/05/05 | |
| 214290 | 09/30/05 | 17,229.56 | - | 17,229.56 | 17,229.56 | 12/05/05 | |
| 214291 | 10/17/05 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/05/05 | |
| 216990 | 10/31/05 | 132,690.21 | 13,269.02 | 119,421.19 | 119,421.19 | 01/17/06 | (0.00) |
| 217000 | 10/31/05 | 141.52 | - | 141.52 | 141.52 | 01/17/06 | - |
| 218110 | 10/31/05 | 6,206.53 | - | 6,206.53 | 6,206.53 | 12/31/05 | - |
| 218111 | 11/08/05 | 1,708.40 | - | 1,708.40 | 1,708.40 | 12/31/05 | |
| 220870 | 11/30/05 | 97,560.53 | 9,756.07 | 87,804.46 | 87,804.46 | 03/13/06 | (0.00) |
| 220880 | 11/30/05 | 9,846.70 | - | 9,846.70 | 9,846.70 | 03/13/06 | |
| 220881 | 12/01/05 | 662.01 | - | 662.01 | 662.01 | 03/13/06 | - |
| 220890 | 11/30/05 | 37,325.60 | - | 37,325.60 | 37,325.60 | 02/21/06 | - |
| 224350 | 11/30/05 | 19,624.99 | - | 19,624.99 | 19,624.99 | 04/13/06 | |
| 224351 | 12/16/05 | 36,076.57 | - | 36,076.57 | 36,076.57 | 04/13/06 | - |
| 224360 | 12/16/05 | 14,699.00 | - | 14,699.00 | 14,699.00 | 02/21/06 | - |
| 224900 | 12/28/06 | 8,316.30 | 831.63 | 7,484.67 | 7,484.67 | 03/21/06 | (0.00) |
| 224910 | 12/28/06 | - | (51,713.22) | 51,713.22 | | | 51,713.22 |
| 224920 | 12/28/06 | 8,330.70 | - | 8,330.70 | 8,330.70 | 03/21/06 | - |
| 224930 | 12/28/06 | 14,932.14 | - | 14,932.14 | 13,585.14 | 03/24/06 | 1,347.00 |
| 224939 | 04/26/06 | (1,347.00) | - | (1,347.00) | | | (1,347.00) |
| 227030 | 12/31/05 | 2,197.92 | - | 2,197.92 | 2,197.92 | 03/24/06 | - |
| 227031 | 01/12/06 | 4,427.96 | - | 4,427.96 | 4,427.96 | 03/24/06 | - |
| 232140 | 01/31/06 | 15,922.46 | - | 15,922.46 | | | 15,922.46 |
| 232141 | 02/17/06 | 20,251.77 | - | 20,251.77 | | | 20,251.77 |
| 232990 | 02/27/06 | 3,846.95 | - | 3,846.95 | | | 3,846.95 |
| 234670 | 02/28/06 | 5,977.17 | - | 5,977.17 | | | 5,977.17 |
| 234671 | 03/07/06 | 11,119.10 | - | 11,119.10 | | | 11,119.10 |
| 237750 | 03/31/06 | 21,394.45 | - | 21,394.45 | | | 21,394.45 |
| 241930 | 04/26/06 | 20,363.84 | - | 20,363.84 | | | 20,363.84 |
| 245220 | 05/10/06 | 5,919.65 | - | 5,919.65 | | | 5,919.65 |
| 248030 | 05/31/06 | 55,534.00 | - | 55,534.00 | | | 55,534.00 |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | | - | - | | | - |
| | | 854,045.17 | - | 854,045.17 | 642,002.56 | | 212,042.61 |

1331 MAY 2006                                                      06/01/06

**Iberville Parish**
**J. G. "BUBBIE" DUPONT, JR CLERK OF COURT**
P.O. BOX 423
PLAQUEMINE, LA 70765
Phone Number : (225) 687-5160

Official Receipt : 2006-00002118

Printed On : 06/16/2006    at 11:51:31 AM                                    By : 194     on COC04

MMR CONSTRUCTORS

Date Recorded : June 16, 2006

| Instrument ID | Recorded Time | Amount |
|---|---|---|
| Book : 436    Page : 92 | 11:51:24 AM | $47.00 |
| Transaction : Mortgage | | |
| ECO PRODUCT SOLUTIONS LP | | |
| To : MMR CONSTRUCTORS INC | | |

| Accounts | Amount |
|---|---|
| Certified Copies | $0.00 |
| Clerk Fee Account | $45.00 |
| Conformed Copies | $2.00 |

**Itemized Check Listing**

| Check Number : 199716 | $47.00 |
|---|---|

| | |
|---|---|
| Total Due : | $47.00 |
| Paid by Check : | $47.00 |
| Change Tendered : | $0.00 |

*File-stamped lien re: ECO Products/ Syngenta*

 Constructors, Inc.
INSTRUMENTATION & ELECTRICAL CONTRACTORS



June 16, 2006

**CERTIFIED MAIL – RETURN
RECEIPT REQUESTED
7001 2510 0001 7488 7951**

Mr. Robert W. Slaven
Syngenta Crop Protection, Inc.
3905 Hwy. 75
P.O. Box 11
St. Gabriel, Louisiana 70776

Reference:    Syngenta Calcium Chloride Project - Crop Protection Plant
               EPS Project No. SYN-002; EPS Job No. 16-141299
               MMR Project No. 1331

Dear Mr. Slaven:

    Please be advised that the attached Lien has been recorded with Iberville Parish in
connection with our invoices 224910, 232140, 232141, 232990, 234670, 234671, 237750,
241930, 245220, 248030 due to MMR Constructors, Inc. and owed by ECO Product Solutions,
LP, which totals $212,042.11.

    If you have any questions, please advise.

                                        Sincerely,

                                        Rodi F. Rispone
                                        MMR General Counsel

Enclosure(s)

EXHIBIT
5

USPS - Track & Confirm                                                    Page 1 of 1

 **UNITED STATES POSTAL SERVICE®**                    Home | Help

Track & Confirm

## Track & Confirm

### Search Results

Label/Receipt Number: 7001 2510 0001 7488 7951
Detailed Results:
- Delivered, June 19, 2006, 9:37 am, SAINT GABRIEL, LA 70776
- Notice Left, June 17, 2006, 7:15 am, SAINT GABRIEL, LA 70776

( < Back )                    ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

### Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email. ( Go > )

---

7001 2510 0001 7488 7951

POSTAL INSPECTORS
Preserving the Trust

ational & Premier Accounts
erms of Use  Privacy Policy

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)  Johnny Piper III    B. Date of Delivery 6/19/06<br>C. Signature  X _____ III    ☑ Agent  ☐ Addressee<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>Robert W. Slaven<br>Syngenta Crop Prof. Inc.<br>3905 Hwy. 75<br>P.O. Box 11<br>St. Gabriel, LA 70776 | SAINT GABRIEL LA<br>JUN 19 2006<br>PM<br>70776<br><br>3. Service Type  ☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra fee)  ☐ Yes |

7001 2510 0001 7488 7951

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

6/16/06



**Constructors, Inc.**
INSTRUMENTATION & ELECTRICAL CONTRACTORS

June 16, 2006

**CERTIFIED MAIL – RETURN**
**RECEIPT REQUESTED**
**7001 2510 0001 7488 8095**

Mr. Rick Billings
Mr. Jay Potter
Mr. Michael Largey
ECO Products Solutions, LP.
200 Valleywood Drive
The Woodlands, TX 77380-3571

Reference:     Syngenta Calcium Chloride Project - Crop Protection Plant
               EPS Project No. SYN-002; EPS Job No. 16-141299
               MMR Project No. 1331

Gentlemen:

     Please be advised that the attached Lien has been recorded with Iberville Parish in
connection with our invoices 224910, 232140, 232141, 232990, 234670, 234671, 237750,
241930, 245220, 248030 due to MMR Constructors, Inc. and owed by ECO Product Solutions,
LP, which totals $212,042.11.

     If you have any questions, please advise.

                                        Sincerely,

                                        Rodi F. Rispone
                                        MMR General Counsel

Enclosure(s)

FILE COPY

USPS - Track & Confirm


**UNITED STATES POSTAL SERVICE®**

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 7001 2510 0001 7488 8095
Detailed Results:

- Delivered, June 19, 2006, 1:03 pm, SPRING, TX 77380
- Arrival at Unit, June 19, 2006, 8:21 am, SPRING, TX 77380

( < Back )        ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. ( Go > )

POSTAL INSPECTORS
Preserving the Trust

site m

7001 2510 0001 7488 8095

nal & Premier Accounts
of Use  Privacy Policy

U.S. Postal CERTIFIED (Domestic Mail)

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)*    B. Date of Delivery |

C. Signature
X                                    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

1. Article Addressed to:

*Rick Billings, Jay Potter, Michael Largey ECO Products Solutions 200 Valleywood Dr. The Woodlands, TX 77380-3571*

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

7001 2510 0001 7488 8095

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ECOPRODUCT SOLUTIONS, L.P. | § |
| | § |
| *Plaintiff,* | § |
| | § |
| V. | §    CIVIL ACTION NO. 06-03671 |
| | § |
| MMR CONSTRUCTORS, INC. | § |
| | § |
| *Defendant.* | § |

---

## ECOPRODUCT SOLUTIONS, L.P.'S STATEMENT OF CITIZENSHIP

---

As ordered by the Court, Plaintiff, EcoProduct Solutions, L.P. ("EcoProduct"), files its Statement of Citizenship as follows:

1.    Attached to this filing as Exhibits 1 & 2 are true and correct copies of the affidavits of Rick Billings, which establishes the citizenship of EcoProduct Solutions, L.P. and its general partner, EcoProduct Solutions GP, L.L.C.  As reflected in Exhibit 1, EcoProduct is a citizen of the State of Texas because it, and all of its general and limited partners, are Texas entities.  As reflected in Exhibit 2, all of EcoProduct's officers, directors, and employees are located in Texas.

Respectfully Submitted,


By: /s/ William A. Gage, Jr.
        William A. Gage, Jr.
        Texas Bar No. 07566580
        Federal Bar No. 11055

ATTORNEY-IN-CHARGE FOR PLAINTIFF



EXHIBIT
6

OF COUNSEL:

Jared G. LeBlanc
Texas Bar No. 24046279
Federal Bar No. 575408

BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.
5100 Bank of America Center
700 Louisiana
Houston, Texas  77002
(713) 225-4500
(713) 225-3719 fax

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing EcoProduct Solution, L.P.'s Statement of Citizenship were forwarded to the following counsel of record in this cause via the Court's ECF filing system, on December 13, 2007.

Edward J. Laperouse II
Taylor, Porter, Brooks & Phillips, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821

/s/ Jared G. LeBlanc by permission
Jared G. LeBlanc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CAJUN CONSTRUCTORS, INC                )
                                       )
          Plaintiff,                   )
                                       )
                                       )        Case No. 06-902-A
                                       )
ECOPRODUCT SOLUTIONS, LP;              )
ECOPRODUCT SOLUTIONS, GP LLC           )
RICK BILLINGS; MIKE LARGEY;            )
PRIEST RIVER, LTD; YANDELL             )
ROGERS, JR; YANDELL ROGERS III         )
JOB SWINGLE; MATT WHITAKER;            )
JIM HUGHES; and SYNGENTA CROP          )
PROTECTION, INC.                       )
          Defendants.                  )

---

### AFFIDAVIT OF RICK BILLINGS

---

STATE OF TEXAS

COUNTY OF MONTGOMERY

    Before me this day appeared Rick Billings, who after identifying himself to me did depose

and state as follows:

    1.    My name is Rick Billings.  I am of the full age of majority and competent to give
oath.  I am the Vice-President of Business Development for EcoProduct Solutions,
L.P., and in that capacity have personal knowledge of the matters contained in this
affidavit and its attachments.  The statements contained herein are true and correct
and within my personal knowledge.

    2.    Attached to this affidavit as Exhibit A is a true and correct representation of the
corporate organization chart for EcoProduct Solutions, L.P.

AFFIDAVIT OF RICK BILLINGS



EXHIBIT

1

3.    Attached to this affidavit as Exhibit B is a true and correct representation of the corporate organization chart for EcoProduct Solutions GP, L.L.C.

4.    Rick Billings has at all relevant times been an employee of EcoProduct Solutions.

5.    Mike Largey is currently an employee of EcoProduct Solutions.

6.    Joe Swingle has not ever been an employee of EcoProduct Solutions.

7.    Yandell Rogers, Jr. has not ever been an employee of EcoProduct Solutions.

8.    Yandell Rogers, III has not ever been an employee of EcoProduct Solutions.

9.    Matt Whitaker has not ever been an employee of EcoProduct Solutions.

10.   Jim Hughes has not ever been an employee of EcoProduct Solutions.

11.   Priest River is not the parent company of either EcoProduct Solutions, L.P. or EcoProduct Solutions GP, L.L.C.

End of Affidavit.

_Rick Billings_

Rick Billings

Sworn to and subscribed before me this 5th day of March, 2007.

_____
Notary Public in and for the State of Texas

DEE ANN SCHOVAJSA
Notary Public, State of Texas
My Commission Expires
October 18, 2009

## ECOPRODUCT SOLUTIONS, LP

I.    **General Partner:**    EcoProduct Solutions GP, L.L.C. – a Texas limited liability company

The sole member of EcoProduct Solutions GP, LLC is Lewiston Atlas, Ltd., a Texas Limited Partnership

Lewiston Atlas, Ltd. partners:

1) Lewiston, L.L.C. General Partner, a Texas Limited Liability Company, its sole member: Yandell Rogers, Jr., a Texas domiciliary

2) Yandell Rogers, Jr., a Texas domiciliary
3) Yandell Rogers, III, a Texas domiciliary
4) Laura Braun, a Texas domiciliary
5) Leslie Stanko, a Texas domiciliary

II.    **Limited Partner:**   Lewiston Holdings, Ltd. – a Texas Limited Partnership

Lewiston Holdings, Ltd. partners:

1) Lewiston Holdings GP, L.L.C., General Partner, a Texas limited liability company, its sole member:

2) Lewiston Atlas, Ltd. (See A)

III.    **Limited Partner**    PPI Chemical, L.P. – a Texas Limited Partnership

PPI Chemical, L.P. partners:

1) PetroPro Offshore, Inc. (General Partner), a Texas corporation
2) PetroPro Energy Partners, LP, a Texas limited partnership

PetroPro Energy Partners, L.P. partners :

1) PetroPro Exploration, Inc. (General Partner), a Texas corporation
2) HALJAN Management, LP – a Texas limited partnership.  Its partners are:
   • Kurt Byth, a Texas domiciliary
   • Jan Byth, a Texas domiciliary
   • KDJSB, Inc., a Texas corporation
3) Brann Holdings, LP.  Its partners are:
   • B. Randy Sullivan, a Texas domiciliary
   • Ann Marie Sullivan, a Texas domiciliary
   • Brams, Inc., a Texas corporation
4) Lagomar Ventures, LP.  Its partners are:
   • Ronald Thomas, a Texas domiciliary
   • Victoria Thomas, a Texas domiciliary
   • Lagomar, Inc., a Texas corporation

**EXHIBIT "1-A"**

IV.   <u>Limited Partner</u>:  Rick Billings, a Texas domiciliary

V.    <u>Limited Partner</u>:  Brann Holdings, L.P., a Texas L.P.

Brann Holdings, L.P. partners:    1)  Lewiston Holdings GP, LLC (General Partner), a
                                      Texas limited liability company, its sole member: The
                                      Robert Brann Children's Trust - a Texas Trust

EXHIBIT "1-A"

### EcoProduct Solutions GP, L.L.C.
#### A Texas Limited Liability Company

The sole member of EcoProduct Solutions GP, LLC is *Lewiston Atlas, Ltd.*, a Texas Limited Partnership

Lewiston Atlas, Ltd. partners:

1) Lewiston, L.L.C. General Partner, a Texas Limited Liability Company, its sole member: Yandell Rogers, Jr., a Texas domiciliary

2) Yandell Rogers, Jr., a Texas domiciliary
3) Yandell Rogers III, a Texas domiciliary
4) Laura Braun, a Texas domiciliary
5) Leslie Stanke, a Texas domiciliary

EXHIBIT "1-B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

CAJUN CONSTRUCTORS, INC.,          )
                                   )
        *Plaintiff,*               )
                                   )
v.                                 )
                                   )          Case No. 06-00918
ECOPRODUCT SOLUTIONS, LP;          )
ECOPRODUCT SOLUTIONS, GP LLC       )          EX6-902-JVP-CN
RICK BILLINGS; MIKE LARGEY;        )
PRIEST RIVER, LTD; YANDELL         )
ROGERS, JR; YANDELL ROGERS III     )
JOE SWINGLE; MATT WHITAKER;        )
JIM HUGHES; and SYNGENTA CROP.     )
PROTECTION, INC.                   )
                                   )
        *Defendants.*              )

## AFFIDAVIT OF RICK BILLINGS

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRIS            §

Before me, the undersigned authority, personally appeared Rick Billings, known by me to be the person whose name is subscribed in this affidavit, who being by me first duly sworn, deposes and states as follows:

1.  My name is Rick Billings. I am over twenty-one years of age, I have never been convicted of a felony, and I am competent to make this affidavit. All the facts stated herein are true, correct, and within my personal knowledge.

2.  I am the Vice-President for Business Development of EcoProduct Solutions, L.P., and I am authorized to make this affidavit on their behalf.

3.  EcoProduct Solutions, L.P. is a Texas limited partnership, organized under the laws of the State of Texas, and all of its officers and directors are located in that state.

EXHIBIT
2

4.    EcoProduct Solutions, L.P. has never agreed to form a partnership and to participate in profits in determined portions or agreed to share losses as well as profits with Priest River, Ltd.

5.    EcoProduct Solutions, L.P. has never agreed to form a partnership and to participate in profits in determined portions or agreed to share losses as well as profits with Mike Largey. EcoProduct Solutions, L.P. has never given Mike Largey an interest in their property or stock.

6.    I declare under the penalty of perjury that the foregoing is true and correct.

END OF AFFIDAVIT.

_Rick Billings_
Rick Billings, Vice-President for Business Devel't
EcoProduct Solutions, L.P.

This instrument was sworn to before me on this Jan. 19 , 2007.

DEE ANN SCHOVAJSA
Notary Public, State of Texas
My Commission Expires
October 18, 2009

Notary Public in and for the State of Texas

2

Total P.03

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MMR CONSTRUCTORS, INC.**           :           **CIVIL ACTION**
                                     :
**versus**                           :
                                     :           **NO. 06-918-RET-DLD**
**SYNGENTA CROP PROTECTION,**        :
**INC., et al.**                     :


**\*\*\*\* CONSOLIDATED WITH \*\*\*\***

**ECOPRODUCTS SOLUTIONS LP**         :           **CIVIL ACTION**
                                     :
**versus**                           :
                                     :           **NO. 07-951-RET-DLD**
**MMR CONSTRUCTORS, INC.**           :
                                     :


## ORDER TO FILE THIRD AMENDED COMPLAINT

Considering the Motion for Leave to File Plaintiff's Third Amended Complaint, filed on behalf of MMR Constructors, Inc.:

**IT IS HEREBY ORDERED** that MMR Constructors, Inc. be and is hereby granted leave of court to file Plaintiff's Third Amended Complaint.

Baton Rouge, Louisiana this _____ day of _____, 2009.


_____
**UNITED STATES DISTRICT JUDGE**